IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AID FOR WOMEN, on its own behalf; and TERI AUGUSTUS, L.M.S.W.; MARGOT BRECKBILL, R.N.; TRACY COWLES, M.D.; WILLOW EBY, R.N.; VICKI EPP, L.B.S.W.; MARGARET ESTRIN, M.D.; HERBERT HODES, M.D.; TRACI NAUSER, M.D.; COLLEEN O'DONNELL, R.N.-C; STACEY MORGAN, D.O.; BETH McGILLEY, PH.D.; TRINA WHEELER, L.M.S.W.; and SHERMAN ZAREMSKI, M.D., on behalf of themselves and their adolescent patients and clients under the age of sixteen, and as representatives of a class of similarly situated individuals, | ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| NOLA FOULSTON, in her official capacity as District Attorney, 18th Judicial District of Kansas, and as representative of a class of all county and district attorneys in the state of Kansas, | ) ) ) ) ) |
| Defendants. | ) ) |

CIVIL ACTION
CASE NO. 03-1353-JTM

## **COMPLAINT**

Plaintiffs, by and through their undersigned attorneys, bring this complaint against the defendants, their agents and successors in office, and in support thereof aver the following:

1.  Plaintiffs are licensed professionals, including physicians, nurses, social workers, a psychologist, and a sexuality educator, who provide confidential health care and counseling services to adolescents in the state of Kansas. Plaintiffs fear that the defendant and other members of the proposed defendant class will enforce the state's child abuse reporting statute, Kan. Stat. Ann. § 38-1522 ("the reporting statute"), to require them to report their adolescent patients and clients to the state whenever plaintiffs suspect that those patients and clients have

been sexually active, even if plaintiffs do not suspect that the sexual activity was "abuse" or injurious.  Plaintiffs believe it is appropriate to report sexual abuse to the state when they suspect that a child or adolescent has been injured by actual, sexual abuse.  However, Plaintiffs fear that reporting all consensual sexual activity between age-mates will not protect adolescents from actual abuse, but will instead threaten plaintiffs' professional relationships with their patients and clients and deter adolescents from obtaining needed health care, at the expense of their health.

2.   This is an action for declaratory and injunctive relief under the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983 against application of the reporting statute to incidents of consensual sexual activity between adolescents under the age of sixteen and persons of similar age in which injury to the minor is not reasonably suspected.  The reporting statute is attached hereto as Exhibit A.

3.     The individual plaintiffs are among those licensed professionals who are required by the reporting statute to report instances of abuse or neglect of a "child" to the Kansas department of social and rehabilitation services (SRS), the Kansas Attorney General, or to other law enforcement officials.  Plaintiff Aid for Women is a medical practice whose employees are required to make such reports of abuse. "Willful and knowing" failure to make a required report is punishable as a class B misdemeanor.  Each of the individual Plaintiffs has patients or clients under the age of sixteen who are sexually active.

4.   SRS is charged with investigating reports of child abuse.  Kan. Stat. § 38-1523.  Such investigations ordinarily involve an interview with the minor's parents.  SRS Children & Family Policy Procedure Manual, § 2110, available at http://www.srskansas.org/CFS/cfp_manuals/ ppm_manual/PPMSections/Section%202000%20.htm#2110  Requirement%20to%20Interview% 20Relevant%20Persons (attached as Exhibit B).  Parental permission to interview the minor is also generally sought by SRS.  *Id*. at § 2130.  Thus, an SRS investigation generally gives notice

to the minor's parents of the health care sought by the minor and the circumstances triggering the report.

5.   In June of 2003, Kansas Attorney General Phill Kline issued an opinion interpreting the reporting statute to mean that all suspected sexual activity by a minor under the age of 16 must be reported by Plaintiffs to SRS even if the suspected sexual activity was with another person of similar age, and even if Plaintiffs do not reasonably believe that the suspected sexual activity has caused injury to the minor.  Kansas Att'y Gen. Op. No. 2003-17 (June 18, 2003) ("the Kline opinion") (attached as Exhibit C).  Thus, under Kline's interpretation, Kansas adolescents under the age of 16 cannot obtain confidential health care or counseling from Plaintiffs and other members of the proposed Plaintiff class.

6.   Upon information and belief, some Kansas county and district attorneys, including defendant Foulston, who have primary responsibility for enforcing the reporting requirement have endorsed and adopted Kline's interpretation of the reporting requirement.

7.   Upon information and belief, other Kansas county and district attorneys have indicated disagreement with the Kline opinion or have stated that they would like further clarification of the scope of the reporting requirement.  Upon information and belief, in most counties the enforcement policy has not been announced.

8.   A predecessor Kansas Attorney General issued an opinion giving a different interpretation of the reporting statute under which sexual activity by adolescents under 16 was required to be reported only if the person obligated to report under the statute believed that the sexual activity has caused the minor "injury."  Kansas Att'y Gen. Op. No. 92-48 (April 6, 1992) ("the Stephen Opinion") (attached as Exhibit D).

9.   As a consequence of these conflicting views about the scope of the obligation to report instances of non-injurious sexual activity by adolescents, Plaintiffs cannot guarantee their

patients and clients under the age of sixteen confidential health and counseling services without risking criminal penalties.

10. As a consequence of these conflicting views about the scope of the obligation to report instances of non-injurious sexual activity by adolescents, Plaintiffs are uncertain about how to conform their conduct to the reporting statute, and they fear arbitrary and discriminatory enforcement of the reporting statute.

11. Plaintiffs therefore seek declaratory and injunctive relief against the Defendant and the Defendant class to prevent them from enforcing the reporting statute in cases where Plaintiffs or other members of the Plaintiff class learn of sexual activity between a minor under 16 and a person of similar age but conclude in their professional judgment that the sexual activity has not caused the minor injury.  Absent such equitable relief, adolescents under the age of 16 in Kansas will be deprived of their right under the Due Process Clause to maintain the confidentiality of private information about their sexual behavior and medical and psychological health care, and Plaintiffs and the Plaintiff class will be deprived of their right under the Due Process Clause to have fair warning of how the reporting statute will be enforced against them.

I.      **Jurisdiction and Venue**

12. This Court has jurisdiction under 28 U.S.C. § 1331 because this case arises under the Constitution and laws of the United States and under 28 U.S.C. § 1343(3) because this case seeks to redress the deprivation under color of state law of rights guaranteed by the Constitution of the United States.

13. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because the Defendant and all members of the Defendant class reside in this district.

## II.      The Statutory Framework

14. Kansas law requires certain categories of individuals to "promptly" report to government officials whenever they have "reason to suspect that a child has been injured as a result of physical, mental or emotional abuse or neglect or sexual abuse."  Kan. Stat. § 38-1522(a).  The required reporters include, among others: persons licensed to practice the healing arts; licensed psychologists; licensed professional nurses; teachers; school administrators; family therapists; and licensed social workers.

15. The required report must contain (if known) "the names and addresses of the child and the child's parents or other persons responsible for the child's care, . . . , and any other information that the maker of the report believes might be helpful in establishing the cause of the injuries and the identity of the persons responsible for the injuries."  *Id*.

16. "Sexual abuse" is defined in relevant part as "any act committed with a child which is described in article 35, chapter 21 of the Kansas Statutes Annotated . . . ."  Kan. Stat. § 38-1502(c).

17. Article 35, chapter 21 includes the crimes of aggravated indecent liberties with a child and unlawful voluntary sexual relations.  "Aggravated indecent liberties with a child" is defined to include "sexual intercourse with a child who is 14 or more years of age but less than 16 years of age," Kan. Stat. § 21-3504(a)(1), regardless of the age of the sexual partner.  It also includes, with respect to a child under the age of 14, "any lewd fondling or touching of the person of either the child or the offender, done or submitted to with the intent to arouse or satisfy the sexual desires of either the child or the offender, or both," regardless of the age of the "offender."  Kan. Stat. § 21-3504(a)(3)(A).  "Unlawful voluntary sexual relations is engaging in voluntary: (1) Sexual intercourse; (2) sodomy; or (3) lewd fondling or touching with a child who is 14 years of age but less than 16 years of age and the offender is less than 19 years of age and less than four

years of age older than the child and the child and the offender are the only parties involved and are members of the opposite sex." Kan. Stat. § 21-3522(a). Article 35, chapter 21 also includes the crime of rape, which is defined to include "sexual intercourse with a child who is under 14 years of age," Kan. Stat. § 21-3502(a)(2), regardless of the age of the sexual partner.

18. The Kline opinion construes the reporting statute to mean that any illegal sexual activity by or with a minor is inherently injurious to the minor and hence must be reported to SRS or other appropriate state officials.

19. The Stephen opinion construes the same statute to mean that illegal sexual activity by or with a minor may be injurious, but is not inherently injurious. Instead, a determination of injury must be made on a case-by-case basis, and a report must be made only if there is reason to suspect that the minor has been injured by the illegal sexual activity.

**III.    Plaintiffs**

20. Plaintiff Aid for Women is a medical practice in Kansas City that provides a range of gynecological services, including abortions. Aid for Women is criminally liable for the acts of its agents within the scope of their authority, Kan. St. § 21-3206, including failure to comply with the reporting statute. Aid for Women sues on its own behalf.

21. Plaintiff Teri Augustus, L.M.S.W., is a Licensed Masters Social Worker who is licensed to practice social work in the state of Kansas. She provides case management and adoption services to children and adolescents at a private child welfare agency in Wichita.

22. Plaintiff Margot Breckbill, R.N., is a registered nurse and childbirth educator. She teaches sexuality education at various agencies and at public and private schools in the Wichita area. She has also worked with pregnant and parenting teens in the Wichita area for the past eighteen years.

23. Plaintiff Tracy Cowles, M.D., is a perinatologist who is licensed to practice medicine in the state of Kansas.  She is board certified in obstetrics & gynecology, maternal-fetal medicine and medical genetics.  Dr. Cowles provides perinatology services in a private medical practice in Overland Park.

24. Plaintiff Willow Eby, R.N., is a registered nurse who is licensed to practice nursing in the state of Kansas.  Ms. Eby provides nursing services at a private medical practice in Wichita that provides abortions and other reproductive health services.

25. Plaintiff Vicki Epp, L.B.S.W., is a Licensed Bachelors Social Worker who is licensed to practice social work in the state of Kansas.  She provides case management and other social services to children and adolescents at a private child welfare organization in Newton.

26. Plaintiff Margaret Estrin, M.D., is a board-certified obstetrician-gynecologist who is licensed to practice medicine in the state of Kansas.  Dr. Estrin provides a range of obstetrical and gynecological services in a private medical practice in Overland Park.

27. Plaintiff Herbert Hodes, M.D., is a board-certified obstetrician-gynecologist who is licensed to practice medicine in the state of Kansas.  His daughter, Plaintiff Traci Nauser, M.D., is also a board-certified obstetrician-gynecologist licensed to practice medicine in the state of Kansas.  Dr. Hodes and Dr. Nauser provides a range of obstetrical and gynecological services, including abortions, contraceptives, and treatment of sexually transmitted diseases at their private medical practice in Overland Park.

28. Plaintiff Colleen O'Donnell, R.N.-C, is a registered nurse licensed by the state of Kansas to practice nursing.  Ms. O'Donnell is employed by Dr. Hodes' and Dr. Nauser's medical practice, where she provides a range of nursing services within their obstetrical and gynecological practice.

29. Plaintiff Stacey Morgan, D.O., is a doctor of osteopathy who is licensed to practice medicine in the state of Kansas.  Dr. Morgan is board certified in family practice.  She provides a range of medical services in a private practice in Overland Park.

30. Plaintiff Beth McGilley, Ph.D., is a clinical psychologist who is licensed to practice psychology in the state of Kansas.  Dr. McGilley provides individual and group counseling services in her private practice in Wichita.

31. Plaintiff Trina Wheeler, L.M.S.W., is a Licensed Masters Social Worker who is licensed to practice social work in the state of Kansas.  Ms. Wheeler provides a variety of social work services to students of a public high school in Wichita.

32. Plaintiff Sherman Zaremski, M.D., is a physician licensed to practice medicine in the state of Kansas.  He is board certified in internal medicine.  Dr. Zaremksi provides abortions, family planning, and other health services at Aid for Women.  He also provides abortions and other services at another private medical practice in Wichita.

33. Each of the individual Plaintiffs is subject to the requirements of the reporting statute.

34. In the course of his or her work, each of the individual Plaintiffs sometimes becomes aware that an adolescent under the age of 16 is or has been sexually active.

35. Each of the individual plaintiffs will subject himself or herself to possible prosecution if he or she does not automatically report all sexually active adolescents under the age of 16 to SRS.

36. Each of the individual plaintiffs fears that reporting all sexually active adolescents under 16 to the state as possible victims of child abuse will deter his or her patients or clients from seeking necessary health and counseling services and will harm his or her professional relationships with his or her adolescent patients.

37. Each individual Plaintiff sues on his or her own behalf and on behalf of his or her patients under the age of 16 who seek confidential treatment, counseling, or health care, and each individual Plaintiff sues as a representative of the Plaintiff class.

## IV.    Defendant

38. Defendant Nola Foulston is the District Attorney for Sedgwick County.  She is charged with prosecuting violations of the reporting statute in Sedgwick County.  She is sued in her official capacity and as a representative of the class of all Kansas county and district attorneys.

## V.    Plaintiff Class Action Allegations

39. Plaintiffs seek, under Rules 23(b)(1)(A) & (B) and 23(b)(2) of the Federal Rules of Civil Procedure, to represent the class of all individuals who are required under the reporting statute to report instances of abuse or neglect of a "child" to SRS, the Kansas Attorney General, or to other state law enforcement officials, and who have patients and clients under the age of 16 who are sexually active and who seek from plaintiffs confidential treatment, counseling or health care.

40. The Plaintiff class is so numerous that joinder of all members is impracticable.  Upon information and belief, the Plaintiff class contains thousands of persons.

41. Questions of law and fact are common to the class, to wit, the entire class is subject to the reporting statute; the confidentiality of health and counseling services provided by the class is threatened by the reporting statute; and the members of the class all have a right to fair notice of what the reporting statute requires.

42. The claims of the representative parties are typical of the claims of the entire class, to wit, that the reporting statute is unconstitutional as applied to consensual sexual activity between

adolescents under the age of sixteen and persons of similar age in which injury to the minor is not reasonably suspected.

43. The representative parties will fairly and adequately protect the interests of the class. The representative parties have no conflict of interest with other members of the class, and their attorneys have successfully prosecuted several other plaintiff class actions, as well as other cases involving the confidentiality of health care and minors' access to reproductive health services.

44. This case may be maintained as a class action under Rule 23(b)(1)(A) & (B) because the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for the defendant class, and because adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

45. This case may be maintained as a class action under Rule 23(b)(2) because the proposed defendant class has acted or refused to act on grounds generally applicable to the proposed plaintiff class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.  To wit, the defendant class's interpretation and enforcement of the reporting statute applies generally to the members of the proposed plaintiff class.

## VI.      Defendant Class Action Allegations

46. This action is maintained as a class action under Rule 23(b)(1) of the Federal Rules of Civil Procedure against a class of all county and district attorneys in Kansas.  Each of the class members has authority to prosecute misdemeanors as to which any element of an offense occurs within his or her jurisdiction.

47. On information and belief, there are approximately 104 county and district attorneys with authority to enforce the reporting statute.  Thus the defendant class is so numerous that the joinder of all members is impracticable.

48. The questions of law and fact which Plaintiffs seek to litigate, in particular the constitutionality of the reporting statute as applied, are common to all members of the defendant class.

49. The claims or defenses of Defendant Foulston will be typical of the claims and defenses of the class in that they involve the constitutionality of the same statute.

50. Defendant Nola Foulston will fairly and adequately represent the interests of the defendant class.  Her position as District Attorney for Sedgwick County, which is the most populous county in Kansas, places her in essentially the same position with respect to this challenge as all other members of the defendant class.  Because the functions of all prosecuting attorneys with respect to this statute are substantially the same, Ms. Foulston will be able to represent the interests of all county and district attorneys.

51. This case may be maintained as a class action under Rule 23(b)(1)(A) & (B) because the prosecution of separate actions against individual members of the defendant class would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for the plaintiff class, and because adjudications with respect to individual members of the defendant class would as a practical matter be dispositive of the interests of the other members of the defendant class not parties to the adjudications or substantially impair or impede their ability to protect their interests.

**VII.   Factual Allegations**

52. Adolescents in the United States and Kansas become increasingly sexually active as they get older.  By age 16, approximately 30% of adolescents in the United States have engaged in sexual intercourse.

53. Most sexual activity by adolescents under the age of 16 consists of sexual activity with peers.

54. Consensual sexual activity between an adolescent under 16 and a person of similar age is not inherently injurious to the adolescent(s).

55. Access to confidential reproductive health care, including complete sexuality counseling, contraceptive information and services, pregnancy testing, and psychological counseling, is essential to protecting the health of adolescents.

56. Because of their sexual activity, many adolescents need access to prenatal care, contraception, pregnancy testing, treatment for sexually transmitted diseases and human immunodeficiency virus (HIV), abortion, and sexual and psychological counseling.

57. When adolescents are not assured of confidentiality in their pursuit of health services, they are less likely to seek and obtain necessary reproductive and mental health care and counseling, including, in particular, treatment of sexually transmitted diseases and HIV, pregnancy testing, contraceptive information and services, pre-natal care, mental health counseling regarding sexual and reproductive matters, and abortion.

58. If sexually active adolescents are unable to obtain medical and psychological care without their sexual conduct being reported to state officials for investigation, they will be deterred from seeking such care.

59. Deterring  adolescents from obtaining needed health services will cause detriment to their health.

12

60. Requiring the automatic reporting of voluntary sexual conduct by adolescents under 16 will likely overburden the Kansas reporting system and divert resources from the investigation of reports of actual abuse.

61. Upon information and belief, district attorneys and county attorneys in the defendant class have made public statements expressing varying and different enforcement policies regarding whether incidents of consensual sex between adolescents under age 16 and persons of similar age must be reported automatically to SRS.

62. Plaintiffs and the plaintiff class do not have fair notice of what the reporting statute requires in cases of consensual sex between adolescents under age 16 and persons of similar age.

63. Confusion about the scope of the reporting statute in cases of consensual sex between adolescents under age 16 and persons of similar age invites arbitrary and discriminatory enforcement of the reporting statute by the defendant class.

64. Requiring the automatic reporting of all sexual activity by adolescents under the age of 16, regardless of whether the professional suspects injury, serves no legitimate, important, or compelling state interest.

**VIII.   Claims for Relief**

<u>**FIRST CLAIM FOR RELIEF**</u>

65. Plaintiffs incorporate by reference ¶¶ 1-64 above.

66.  The reporting statute is unconstitutional under the Due Process Clause of the Fourteenth Amendment as applied to consensual sexual activity between a minor under 16 years of age and a person of similar age in which injury to the minor is not reasonably suspected, because it violates the rights of adolescents under 16 to maintain the confidentiality of private

information about their sexual behavior and medical and psychological health care, including the fact that they have sought reproductive or mental health care or counseling, without serving any legitimate, important or compelling state interest.

## SECOND CLAIM FOR RELIEF

67. Plaintiffs incorporate by reference ¶¶ 1-66 above.

68. The reporting statute is unconstitutional under the Due Process Clause of the Fourteenth Amendment as applied to consensual sexual activity between a minor under 16 years of age and a person of similar age in which injury to the minor is not reasonably suspected, because it fails to give the plaintiffs fair notice of when reporting is required and encourages arbitrary and discriminatory enforcement.

## INJUNCTIVE RELIEF

69. Plaintiffs incorporate by reference ¶¶ 1-68 above.

70. Plaintiffs' claims meet the standard for injunctive relief because: 1) they have no adequate remedy at law; 2) they and their patients and clients will suffer immediate and irreparable harm unless the reporting requirement is enjoined from being applied to incidents of consensual sexual activity between adolescents under the age of sixteen and persons of similar age in which injury to the minor is not reasonably suspected; 3) plaintiffs are likely to succeed on the merits of their claims; and 4) defendants will suffer no harm in being denied the opportunity to enforce the reporting requirement in the circumstances challenged in this case pending resolution of the case's merits.  Issuance of the injunction will retain the status quo.

WHEREAS, plaintiffs ask this Court to:

A.  issue a preliminary and permanent injunction barring the defendant class from enforcing the reporting statute to require plaintiffs to report consensual sexual activity between

an adolescent under the age of sixteen and a person of similar age where plaintiffs do not

reasonably suspect injury to the adolescent;

      B.  declare that the reporting statute is unconstitutional as applied to consensual sexual

activity between an adolescent under the age of sixteen and a person of similar age where the

mandatory reporter does not reasonably suspect injury to the adolescent; and

      C.  grant such other relief, including Plaintiffs' attorney's fees and costs under 42 U.S.C.

§ 1988, as this Court deems just and proper.


Dated:  October 3, 2003                                  Respectfully submitted,

                                               s/ Laura B. Shaneyfelt_____
                                               Laura B. Shaneyfelt, Associate
                                               Bar No. 12327
                                                   Leslie F. Hulnick, P.A.
       Suite 111, 310 West Central at Waco
       Wichita, Kansas 67202
       Telephone: (316) 263-7596
       Facsimile: (316) 263-8084
       E-mail: LShaneyfelt@HulnickLaw.com

       Bonnie Scott Jones*
       Mass. Bar No. 564499
       Simon Heller*
       D.C. Bar No. 417727
       Center for Reproductive Rights
       120 Wall Street, 14th Fl.
       New York, NY 10005
       Telephone: (917) 637-3600
       Facsimile: (917) 637-3666
       E-mail: bjones@reprorights.org
                 sheller@reprorights.org

       ATTORNEYS FOR PLAINTIFFS

       *  Application for admission *pro hac vice*
           pending

## DESIGNATION OF PLACE OF TRIAL

Plaintiffs hereby designate Wichita, Kansas as the place of trial.