IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AID FOR WOMEN, on its own behalf;                    )
et. al.,                                             )
                            Plaintiffs,              )          CASE NO. 03-1353-JTM
                                                     )
                    v.                               )
                                                     )
NOLA FOULSTON, in her official capacity as           )
District Attorney, 18th Judicial District of Kansas, )
as representative of a class of all county and       )
district attorneys in the state of Kansas,           )
                                                     )
                            Defendant.               )
_____ )

## MEMORANDUM AND ORDER

This matter comes before the court on the plaintiffs' motion for certification of a

defendant class (Dkt. No. 10) pursuant to Fed. R. Civ. Pro. 23.  In this challenge to K.S.A. § 38-

1522 ("the reporting statute"), the plaintiffs move to certify a defendant class consisting of all

county and district attorneys in the state of Kansas.  The motion is fully briefed and ripe for

determination.  For the reasons stated below, the court grants the plaintiffs' motion.

## I.       Standards for class certification

The decision whether to grant or deny class certification lies within the court's discretion.

*J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1287 (10th Cir. 1999).  The court considers the

requirements of Fed. R. Civ. Pro. 23 and not the merits of the suit.  *Adamson v. Bowen*, 855 F.2d

668, 676 (10th Cir. 1988) (citation omitted).

First, the court must determine whether the proposed defendant class meets the

requirements of Rule 23(a), which requires the party seeking certification to demonstrate that:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Courts commonly refer to Rule 23(a)'s four requirements as numerosity, commonality, typicality, and adequacy. *Friedman v. California State Employee Ass'n*, 2000 WL 288468 at *3 (E.D. Cal. 2000). Parties seeking class certification must "show 'under a strict burden of proof, that all requirements of 23(a) are clearly met.'" *Reed v. Bowen*, 849 F.2d 1307, 1309 (10th Cir. 1988) (quoting *Rex v. Owens ex rel. State of Oklahoma*, 585 F.2d 432, 435 (10th Cir. 1978)). If the class representative fails to meet any one of the prerequisites of Rule 23(a), the court will deny class certification. *Milonas v. Williams*, 691 F.2d 931, 938 (10th Cir. 1982).

Once the court is satisfied that the prerequisites of Rule 23(a) are met, it proceeds to confirm that the proposed class falls within one of the categories described in Rule 23(b). *Hunter v. City of Philadelphia*, 1999 WL 181388 at *3 (E.D. Pa. 1999).

## II.   Analysis

The plaintiffs seek to certify a defendant class consisting of all county and district attorneys in the state of Kansas. The proposed class members are responsible for prosecuting violations of the reporting statute. First, the court examines the proposed class under Rule 23(a)'s four requirements of numerosity, commonality, typicality, and adequacy.

Examining the proposed defendant class, the court finds it meets the numerosity requirement. "The requirements of Rule 23(a)(1) are applied more liberally when certifying a defendant class than when certifying a plaintiff class." *Alvarado Partners, L.P. v. Mehta*, 130 F.R.D. 673, 675 (D.Colo. 1990). "The decision as to whether joinder is impracticable is

2

essentially a subjective determination based on expediency and the inconvenience of trying individual suits." *Dirks v. Clayton Brokerage Co. of St. Louis Inc.*, 105 F.R.D. 125, 131 (D. Minn. 1985). "The fact that a class is dispersed over several counties weighs in favor of a finding of numerosity." *Colorado Cross-Disability Coalition v. Taco Bell Corp.*, 184 F.R.D. 354, 358 (D. Colo. 1999). The proposed class consists of all county and district attorneys of the 105 counties of Kansas. Considering such factors as expediency, inconvenience, and geographic diversity, the court finds joinder of the proposed class would be impracticable. *See also Olenhouse v. Commodity Credit Corp.*, 136 F.R.D. 672, 679 (D. Kan. 1991) (good faith estimate of at least 50 members sufficient size to maintain class action); *Alvarado,* 130 F.R.D. at 675 (certifying a defendant class of 33 members).

Examining the proposed defendant class, the court finds it meets the commonality requirement. In *Union Pacific Railroad Co. v. Woodahl*, 308 F.Supp. 1002, 1008 (D. Mont. 1970), the court examined a similar class holding:

> For purposes of a class action involving the constitutionality of a statute and the power of defendants to prosecute actions under it, the requirements of part (2) of Rule 23(a) are met if the authority to prosecute actions under the statute is common to all defendants.

Here, all the members of the proposed class are responsible for prosecuting misdemeanors which would include failure to comply with the reporting requirement. Furthermore, the primary issues of law in this case affect all members of the proposed defendant class. Namely, whether the reporting statute violates the rights of the plaintiffs and their patients. Accordingly, the plaintiffs have demonstrated that there are questions of law or fact common to the class.

Examining the named defendant, the court finds that the defenses of the named party are

3

typical of the defenses of the class.  Rule 23(a)(3).  The named representative is Nola Foulston,

District Attorney for the 18th Judicial District of Kansas.  Foulston is sued in her official

capacity.  Likewise, the other members of the proposed class are county and district attorneys

sued in their official capacity.  All members of the class hold the same position in regards to the

plaintiffs; they are charged with enforcing the reporting statute.  The plaintiffs challenge the

reporting statute's constitutionality.  Accordingly, the proposed class members defenses to this

constitutional challenge are the same defenses available to the named party, Foulston.  Foulston

argues that she is not typical of the class, because:

> District attorneys and county attorneys in the defendant class have made public
> statements expressing varying and different enforcement policies regarding
> whether incidents of consensual sex between adolescents under age 16 and
> persons of similar age must be reported to SRS.

(Dkt. 1, ¶ 16).  However, the court finds this argument to be without merit.  The focus of the

typicality analysis concerns whether the named party has interests significantly antagonistic to

those of the proposed class members.  *Wyandotte Nation v. City of Kansas City*, Kansas 214

F.R.D. 656, 660 (D. Kan. 2003).  The existence of differing viewpoints does not demonstrate that

Foulston's interests are significantly antagonistic to those of the proposed class members.  There

is no indication that the proposed class members have questioned the constitutionality of the

reporting statute or intend not to defend the reporting statute.  If the case involved claims of

selective or discriminatory prosecution, then differing enforcement policies of class members

might be relevant.  As this matter concerns only the constitutionality of the statute, these

differing viewpoints do not demonstrate a genuine conflict.

The named defendant argues that because she is not typical of the proposed class, she

4

cannot adequately represent the class.  As the court declines to adopt Foulston's typicality argument, the adequacy argument also fails.  Foulston's office declared its support for mandatory reporting under the reporting statute and, she has a duty to defend this action.  *State v. Wallace*, 908 P.2d 1267, 1274 (Kan. 1995) (citing K.S.A. 19-702(a)).  Furthermore, Foulston's counsel is competent and sufficiently experienced to defend this action.  Accordingly, the court finds that the named defendant will fairly and adequately protect the interests of the proposed class.

The defendant also argues that the plaintiffs lack standing against most of the proposed class.  The named defendant argues that the plaintiffs, whose practices are located in either Kansas City, Overland Park, Wichita, or Newton, have not shown any case or controversy against class members from counties in which the plaintiffs do not have practices.  The defendant argues that the class should not consist of county and district attorneys who do not have criminal jurisdiction over the plaintiffs' actions.  However, the court finds that the plaintiffs do have standing with respect to all members of the proposed defendant class.  The plaintiffs treat and receive referrals of adolescent patients from many counties in Kansas.  If a plaintiff accepts a referral and the referring professional fails to make a required report, then the plaintiff risks prosecution as an aider/abettor in the referring professional's county of practice.   Likewise, if a plaintiff accepts an appointment from a sexually active adolescent under age 16 and makes assurances that the visit will be confidential, the plaintiff risks prosecution in the adolescent's county of residence on conspiracy charges.

Next, court examines the categories described in Rule 23(b).  A class action may be maintained under 23(b)(1)(A) if:

> The prosecution of separate actions ... would create a risk of inconsistent or

> varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class.

The court finds that this standard is met.  Separate actions challenging the constitutionality of the reporting statute could lead to inconsistent or varying adjudications.  The plaintiffs would be subject to different standards in different counties and it would be unclear which standard must be followed.  The court also finds that the action is maintainable as a class action because, it "would as a practical matter be dispositive of the interests of the other members not parties to the adjudications."  Fed. R. Civ. Pro. 23(b)(1)(B).  Resolving questions about the constitutionality of the reporting statute will preclude future claims on the same issues.  This action will foreclose future cases requiring district and county attorneys to present arguments on the constitutionality of the statute.  The resolution of this action will dispose of the interests of all members of the proposed defendant class.

Accordingly, the court, having found the requirements of Rule 23 satisfied, will certify the proposed defendant class.  In reaching this result, the court is mindful of the Tenth Circuit's mandate that "if there is error to be made, let it be in favor and not against the maintenance of the class action."  *Esplin v. Hirschi*, 402 F.2d 94, 99 (10th Cir. 1968).  Further, the court notes that if it is later apparent that a class action is not the most efficient form of litigating the controversy, the court may decertify the class.

IT IS THEREFORE ORDERED this 7th day of January, 2004, that the plaintiffs' motion for certification of a defendant class (Dkt. No. 10) is granted.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE

6