IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AID FOR WOMEN, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 03-1353-JTM |
| | ) |
| NOLA FOULSTON, et al., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion for a Determination as to the

Sufficiency of Defendant Kline's Responses to Plaintiffs' Second Set of Requests

for Admissions. (Doc. 225). Defendant Kline filed a response (Doc. 240), and

Plaintiffs replied (Doc. 243). Defendant Kline then filed supplemental authority

(Doc. 245). The Court has reviewed the briefs and is prepared to rule.

## BACKGROUND

The court has summarized the nature of this case and the claims of the

parties in its prior Memorandum and Order of May 6, 2005 (Doc. 277 at 2-5) and

will not repeat that summary here.

During discovery, Plaintiffs sent their Second Requests for Admissions

("RFA's") to Phill Kline. The RFA's consisted of 26 requests, all of which seek

Kline's opinion (in his official capacity as Attorney General of the State of Kansas)

about whether certain hypothetical conduct[1] must be reported under the Reporting

Statute.  Defendant made the same objection to each request:

> OBJECTION.  The request for admission "RFA" is an improper request in that it is an attempt to obtain an "official opinion" in circumvention of K.S.A. 78-704 which specifically sets out who may request an opinion from the Attorney General for the state of Kansas in his or her official capacity.  Plaintiffs to this lawsuit further do not have standing to require an opinion from the defendant in his official capacity as the Attorney General for the state of Kansas as that authority is specifically limited to the parameters set forth in K.S.A. 75-704.

> Defendant further objects to the RFA on the grounds that it is vague and ambiguous in that the term "reasoning" is not defined.  Further, the term "consensual" as defined by the plaintiffs, is irrelevant.  It has no legal significance in the context of the reporting statute as under Kansas law unmarried children under sixteen cannot validly consent to sexual activity.  Further, the RFA calls for a legal conclusion and therefore is not a proper subject for an RFA in that the Kansas statute and the "Kline opinion" speak for themselves.

> Defendant further objects to the RFA in that it is argumentative, calls for speculation, and is irrelevant in that it does not involve facts or evidence relevant to this case, moreover the request does not concern, nor is it

---

[1] *E.g.* "Admit or deny that, in your opinion, the following act, if consensual and if engaged in by a fourteen year old girl and fourteen year old boy with the intent to arouse one or both of them, is conduct that must be reported as sexual abuse under the reasoning of the Kline opinion: mouth-to-mouth kissing with closed mouths."  (Doc. 226, Ex. 1 at 2.)  Other RFA's request Kline's opinions on genital-to-hand contact and oral sex, among other things.

reasonably calculated to lead to the discovery of admissible evidence.

Defendant further objects to the RFA in that "It is the well-settled position of this court that attorney general opinions are not binding law in Kansas, but merely persuasive authority . . .   Finally, not only are attorney general opinions limited to persuasive authority, this question involves interpretation of statutes over which appellate review is plenary." *Willis v. Kansas Highway Patrol*, 273 Kan. 123, 130-131, 41 P.3d 824 (2002) citing *City of Junction City v. Cadoret*, 263 Kan. 164, 173, 946 P.2d 1356 (1997) and *Hamilton v. State Farm Fire & Cas. Co.*, 263 Kan. 875, 879, 953 P.2d 1027 (1998).

(Doc. 226, Ex. 1 at 2.)

Plaintiffs filed this motion to determine the sufficiency of Kline's answers.

Plaintiffs also seek costs and attorneys' fees pursuant to Fed. R. Civ. P. 36(a) and

37(a)(4).  The Court finds that Kline's responses to the RFA's are sufficient

because the RFA's are not relevant.  Therefore, Plaintiffs' motion is DENIED.

## DISCUSSION

Fed. R. Civ. P. 36(a) provides that "[a] party may serve . . . a written request

for the admission . . . of the truth of any matters within the scope of Rule 26

(b)(1)."  Rule 26(b)(1) establishes the general scope of discovery, allowing parties

to obtain discovery that is "relevant to the claim or defense of any party."

"Relevancy is broadly construed at the discovery stage of the litigation and a

request for discovery should be considered relevant if there is <u>any possibility</u> that

3

the information sought may be relevant to the subject matter of the action."

***Audiotext Comm. Network, Inc., v. US Telecom, Inc.,*** No. 94-2395, 1995 WL

625962, at *3 (D. Kan Oct. 5, 1995) (emphasis added) (citing ***Smith v. MCI***

***Telecomm. Corp.***, 137 F.R.D. 25, 27 (D. Kan. 1991)).

In its Memorandum and Order of May 6, 2005 the court set out the test to

determine who has the burden of proving relevance of a discovery request. (Doc.

277 at 5-6). Because the relevance of the 26 specific hypotheticals posed by

Plaintiffs' requests for admission in this case is not apparent, the burden is on

Plaintiffs to establish that those requests are relevant or are calculated to lead to the

discovery of relevant evidence.

Plaintiffs argue "that Defendant Kline's understanding of the scope and

reasoning of that Opinion [Kline Opinion] are probative of his understanding of the

scope of prosecutorial authority under the Reporting Statute" and that this is

relevant to their informational privacy and equal protection claims. (Doc. 226 at 5-

6; Doc. 243 at 1-2). Plaintiffs also allege that Kline's "interpretation of what is

required under the reasoning of the Kline Opinion is also relevant to Plaintiffs'

vagueness claim. . . ." (Doc. 226 at 6). The court does not agree.

The issue in this case is whether the Reporting Statute, K.S.A. 38-1522, is

constitutional. Kline's opinion as to the breadth of the Reporting Statute is not

4

relevant in determining the constitutionality of such statute because opinions of the Attorney General, even if official, are not law.  *See* ***Willis v. Kansas Highway Patrol***, 273 Kan. 123, 130–131 (2002) (stating that attorney general opinions, while persuasive, do not control judicial interpretation of statutes); ***City of Junction City v. Cadoret***, 263 Kan. 164, 173–174 (1997) ("Although potentially persuasive, an Attorney General's opinion is not binding on us."); ***State v. Scherzer***, 254 Kan. 926, 932 (1994) ("An opinion of an attorney general, while sometimes persuasive, is not binding on this court."); ***Greenwood v. Estes***, 210 Kan. 655, 661 (1972) ("The opinions of the attorney general have in no sense the effect of judicial utterances.").

As Judge Marten noted in ruling on the motion for preliminary injunction, in evaluating a vagueness challenge, the court must read the statute as it is interpreted by the state's highest court.  *See* Memorandum and Order of July 26, 2004, Doc. 71 at 14-15 (citing ***U.S. v. Gaudreau,*** 860 F.2d 357, 361 (10th Cir. 1988).  While the district court may consider the Kline Opinion as persuasive authority when interpreting the Reporting Statute, it is not binding upon the court.  Furthermore, the Kline Opinion speaks for itself, and Plaintiffs' attempts to obtain further interpretations of that opinion by use of hypotheticals presented in the form of RFA's is not relevant to the issue before the court and is not calculated to lead to

the discovery of admissible evidence.  Therefore, Defendant's objections to the RFA's were proper.

Because the court has found the relevancy issue to be determinative of this motion, the court does not need to address the sufficiency of the other objections to the requests which were raised by Defendant Kline such as (1) the sufficiency of Plaintiffs' definitions, (2) whether the requests are argumentative, and (3) whether the requests amount to an improper request for an Attorney General's Opinion.[2]

**IT IS THEREFORE ORDERED** that Plaintiffs' motion to determine the sufficiency of defendant Kline's responses to requests for admission (Doc. 225) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiffs' request for costs and

---

[2] The court notes that Defendant Kline argues that it is improper to require that he state his opinion as to the requests in this case in part because "he is not an expert in this case rather he is a party and at most a fact witness."  (Doc. 240 at 6) (emphasis added).  Without deciding whether the Attorney General can refuse to state his official opinion in a case in which he is a party because of the provisions of K.S.A. 75-704, the court does take Defendant Kline's representation to the court as his assurance that he will not be giving opinion testimony at trial concerning any official opinion he may have other than the specific written Kline Opinion which has been the subject of attention in this case.

attorneys' fees in connection with the motion is also DENIED.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas on this 12th day of May, 2005.

  s/  Donald W. Bostwick
DONALD W. BOSTWICK
United States Magistrate Judge
