# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AID FOR WOMEN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 03-1353-JTM |
| ) | |
| NOLA FOULSTON, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

Before the Court is Defendant Foulston's Motion to Compel Discovery (Doc. 253), seeking to compel Plaintiffs[1] to answer the discovery requested in Foulston's Second Set of Interrogatories (Doc. 254, Ex. A), and further seeking attorneys fees and costs pursuant to Rules 36(a) and 37(a)(4). Plaintiffs filed a response (Doc. 262), arguing that compelling such answers would incriminate Plaintiffs and that such requests are irrelevant and unduly burdensome. Defendant Foulston did not file a reply. The Court has reviewed the briefs and is prepared to rule.

---

[1] This motion is directed only to Plaintiffs Aid for Women, Margaret Estrin, Tracy Cowles, Herbert Hodes, Stacey Morgan, Traci Nauser, Colleen O'Donnell and Sherman Zaremski. (Doc. 254 at 4–5.) Defendant Foulston indicates that Plaintiffs Margot Breckbill, Beth McGilley, Willow Eby, Trina Wheeler, Vicki Epp, and Terri Augustus have provided satisfactory responses to Foulston's Second Set of Interrogators and acknowledges that this motion is not directed at these Plaintiffs. *Id*. at 4.

## BACKGROUND

The court has summarized the nature of this case and the claims of the parties in its prior Memorandum and Order of May 6, 2005 (Doc. 277 at 2-5) and will not repeat that summary here.

During discovery, Defendant Foulston served her second set of interrogatories on Plaintiffs, seeking (1) the names of employees who work for the named Plaintiffs, (2) the duties of each employee, and (3) names of co-workers.[2] For the reasons stated below, the Court finds that the requested information is not relevant nor calculated to lead to the discovery of relevant evidence and therefore DENIES Defendant Foulston's motion.

## DISCUSSION

The Court has "broad discretion regarding its control of discovery." **Gaines v. Ski Apache**, 8 F.3d 726, 730 (10th Cir. 1993). Such discretion is only abused when denial of discovery precludes a fair trial. *Id*.

"Relevancy is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is <u>any possibility</u> that the information sought may be relevant to the subject matter of the action."

---

[2] This request only pertains to certain named plaintiffs who have an ownership in their respective professional practices.

2

*Audiotext Comm. Network, Inc., v. US Telecom, Inc.,* No. 94-2395, 1995 WL 625962, at *3 (D. Kan Oct. 5, 1995) (emphasis added) (citing *Smith v. MCI Telecomm. Corp.*, 137 F.R.D. 25, 27 (D. Kan. 1991)).  Parties may request "the identity and location of persons having knowledge of any discoverable matter."  Fed. R. Civ. P. 26(b)(1).

"When the discovery sought appears relevant on its face, the party resisting the discovery bears the burden to establish the lack of relevance.  On the other hand, "When 'relevancy is not apparent, it is the burden of the party seeking discovery to show the relevancy of the discovery request.'" *Dean*, 2002 WL 1377729, at *2 (citing *Steil v. Humana Kansas City, Inc.*, 197 F.R.D. 442, 445 (D. Kan. 2000)).

The key legal issue in this case is whether the reporting statute is constitutional.  Plaintiffs note that there are at least two factual sub-issues, including (1) the effect of implementing the Kline Opinion's interpretation of the Reporting Statute on adolescents under the age of 16 and (2) whether such implementation serves a sufficiently significant state interest to justify any deprivation of rights caused thereby.  (Doc. 262 at 7–8.)  Defendant Foulston's discovery requests at issue here are not facially relevant to any of these issues, therefore, she bears the burden to show the relevancy of the information sought.

Foulston seeks information from the requested employees and coworkers, including: the types of medical and psychological care Plaintiffs and their employees provide to children under the age of sixteen; the ways Plaintiffs and their employees provide such care to their minor patients who engage in sexual activity; how Plaintiffs and their employees provide such care to their underage patients; and the orders Plaintiffs give to their employees on how to provide care to underage patients.  (Doc. 254 at 6.)  Foulston claims this information is necessary "to determine if compliance with the Reporting Statute[3] by the plaintiffs would, in fact, deny the plaintiff's [sic] patients any health care services," noting that the "crux" of Plaintiffs' lawsuit is that minors under the age of sixteen will be deterred from seeking medical and psychological care if the Reporting Statute is enforced according to the Kline Opinion.  *Id*. at 6.

The information proposed to be sought from the employees, however, does not appear to be reasonably calculated to obtain evidence about whether enforcement of the Reporting Statute according to the Kline Opinion would discourage medical or psychological treatment by affected adolescents; instead, it seems to be calculated to obtain evidence about whether Plaintiffs treat adolescents

---

[3] The Court presumes that Foulston refers to enforcement of the Kline Opinion's interpretation of the Reporting Statute.

under the age of sixteen who are sexually active with consensual age mates[4] and, more directly, whether Plaintiffs report such incidents as abuse under the Reporting Statute.

This conclusion is supported by a review of the correspondence between counsel prior to the filing of this motion. *See e.g.,* Doc. 254, Ex. B and Doc. 262, Ex's A-J. Early in these discussions, counsel for Foulston explained why this specific information was being requested:

> Nola Foulston seeks the information [from her Second Set of Interrogatories] so that she can determine if the plaintiffs perform work that falls within the reporting statute. If the plaintiffs perform such work, the defendant then wants to know the policy and procedures the plaintiffs' [sic] use to follow the mandatory reporting statute. The plaintiffs have claimed their Fifth Amendment privilege which is their right. The employees of the plaintiffs who are not mandatory reporters do not have such a privilege. <u>I want to ask these people how the plaintiffs follow the law</u>.

(Doc. 262, Ex. C.) (emphasis added). Later in the same e-mail, counsel indicated that Foulston also wanted to know "if plaintiffs have changed their policies and procedures from what the policies were before the issuance of Attorney General

---

[4] Whether Plaintiffs actually treat sexually active patients under the age of sixteen is only relevant to determine Plaintiffs' standing to bring this action, and Plaintiffs do not seriously argue that the interrogatories were submitted in order to obtain information to attack Plaintiffs' standing.

Opinion 2003-17 and after the issuance of that opinion." *Id.* It is clear to the court that Foulston's clear intent is to bypass Plaintiffs' Fifth Amendment rights[5] and to obtain information from Plaintiffs' employees about whether Plaintiffs' comply with the Kline Opinion. It was only after Plaintiffs' counsel indicated that they would invoke a Fifth Amendment privilege not to disclose the name of their employees that Foulston's counsel recited other possible reasons for obtaining this same information. *See e.g.,* Doc. 262, Ex. D.

The Court has already determined that information regarding whether Plaintiffs are complying with the reporting requirements of the Kline Opinion is not relevant and therefore not discoverable. *See* Memorandum and Order of May 6, 2005 (Doc. 277) (granting Plaintiffs' Motion for Protective Order). The information is equally irrelevant when sought from Plaintiffs' employees. Because Foulston has not established that the requested information is either relevant or calculated to lead to the discovery of relevant evidence on the issues before the court in this case, Foulston's Motion to Compel (Doc. 253) is DENIED, as is the

---

[5] The Court previously determined that Plaintiffs' Fifth Amendment rights protected them from answering questions about whether they comply with the Kline Opinion's interpretation of the reporting statute. (Doc. 277 at 12–14.) Plaintiffs now argue that the Fifth Amendment also protects them from disclosing the names of people who could provide such potentially incriminating information. The Court does not reach this issue here, as the Court finds the information sought to be irrelevant and not calculated to lead to the discovery of relevant evidence.

6

related request for attorneys fees and costs.

**IT IS SO ORDERED.**

                                                s/   Donald W. Bostwick
                                             DONALD W. BOSTWICK
                                             United States Magistrate Judge