## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

AID FOR WOMEN, et al.,     )
                    )
           Plaintiffs,   )
                    )
v.                   )     Case No. 03-1353-JTM
                    )
NOLA FOULSTON, et al.,     )
                    )
          Defendants. )
_____ )

## MEMORANDUM AND ORDER

Before the Court is Plaintiffs' Objections to the Supplemental Expert Report of Kirk A. Johnson. (Doc. 314.) Plaintiffs object to the Report as an improper and untimely surrebuttal report. Defendants filed a response (Doc. 327), and Plaintiffs replied (Doc. 328). Also before the Court is Plaintiffs' Motion to Preclude Defendants' Use of Newly-Disclosed Trial Exhibits. (Doc. 317.) Defendants filed a response (Doc. 329), and Plaintiffs replied (Doc. 330). The Court has reviewed the briefs and is prepared to rule.

## BACKGROUND

The Court has summarized the nature of this case and the claims of the parties in its prior Memorandum and Order of May 6, 2005 (Doc. 277 at 2-5) and will not repeat that summary here.

In the two matters now before the Court, Plaintiffs seek to exclude a

"supplemental" expert report of Kirk Johnson ("Johnson Report") and the trial

exhibits listed in part II.B.5 of Defendant's Third Supplemental Disclosures

("Supplemental Exhibits") from use at trial. Plaintiffs also seek attorney fees in

connection with the motion to exclude the Supplemental Exhibits.  The parties do

not significantly dispute the facts surrounding this motion.

Defendants expert reports, including the Johnson Report, were due and were

served by January 27, 2005.[1]  *See* Doc. 314, Ex. A.  Plaintiffs deposed Johnson on

March 15, 2005, and timely filed rebuttal expert reports, addressing Johnson's

opinions and methodologies, on March 29, 2005.

Johnson conducted statistical analyses on information about 12,000 women

obtained from a federal database.  The Johnson Report concludes that adolescents

under sixteen who engage in intercourse experience increased rates of out-of-

wedlock pregnancies, poverty, depression, marital instability, and drug and alcohol

abuse, among other things.  *See* Doc. 314, Ex. A.

---

[1]  The initial Scheduling Order was entered in this case on September 9, 2004 (Doc. 87), and it set the dates for expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2). Shortly thereafter, on September 24, 2004, Plaintiffs were allowed to amend their complaint and Phill Kline was joined as a party defendant.  (Doc. 100, 102.)  On January 7, 2005, the Defendants filed a motion to extend their time to serve expert disclosures to January 27, 2005 (Doc. 170) and the motion was granted.  (Doc. 172.)  The Johnson Report and two other expert reports were served on January 27, 2005.  On that same date, Defendants requested additional time to serve reports for three other experts (Doc. 186) and that motion was also granted.  (Doc. 188.)  Those other reports were timely filed on or before February 7, 2005.

Plaintiffs' rebuttal reports (Doc. 314, Ex. B, C) controvert Johnson's findings by, among other things, arguing that Johnson's failure to control for other variables in his analysis negates the validity of his conclusion that intercourse by adolescents under the age of sixteen <u>causes</u> the outcomes described in the Johnson Report.  Plaintiffs's rebuttal expert Stanley Henshaw explains that "[p]re-existing conditions could cause both the early sexual activity and the later undesirable experiences" described in the Johnson Report.  (Doc. 314, Ex. C at ¶ 7.)  Henshaw suggests that pre-existing conditions such as growing up without both parents, lack of religion (attendance or identification), race, having a mother who had her first child before reaching 18, insecurity, low-self-esteem, and personality characteristics may have caused both early sexual activity and the undesirable outcomes described in the Johnson Report.  (Doc. 314, Ex. C ¶¶ 9–11.)

On May 16, 2005, Defendants served Plaintiffs with the Supplemental Expert Report of Kirk A. Johnson Ph.D. ("Supplemental Report").  (Doc. 314, Ex. D.)  In this Supplemental Report, Johnson synthesized the results of new statistical analyses which he conducted on allegedly updated data.[2]  In the Supplemental

---

[2] Plaintiffs claim that Johnson did not utilize any new data in the Supplemental Report, arguing that "[i]nstead, the report contains only new analyses and new opinions based on the previously-existing data used in [Johnson's] original report."  (Doc. 328 at 5.)

Report, Johnson notes that he "employed multiple logistic regressions . . . which provided the benefit of probability modeling while controlling for a number of possible co-varying factors." (Doc. 314, Ex. D at ¶ 4.)  These co-varying factors included age at first intercourse, family background,[3] race/ethnicity, poverty, mother's education level, frequency of religious attendance, whether the mother was under 18 years of age at the birth of her first child, whether the respondent had ever had involuntary intercourse, and the age of the respondent at the time of the survey.  *Id*. at ¶ 6.   In the Supplemental Report, Johnson concludes that "while the addition of the control variables may reduce the odds ratio[4] on the age of [first intercourse experience] variable to a small degree, the relationship specified in my expert report, *i.e.,* early sexual debut is associated with an increased risk of multiple harms, remains consistently very strong."  *Id*. at ¶ 11.

Plaintiffs argue that the Supplemental Report is actually an impermissible and untimely "surrebuttal report," which sets forth entirely new evidence intended

---

[3]  Johnson defines "family background" parenthetically as "coming from an intact family vs. other family form."  (Doc. 314, Ex. D at ¶ 6.)  The Court presumes that Johnson's "intact family" is the equivalent of a traditional nuclear family, *i.e.,* the child was raised by both parents in the same home.

[4]  "Odds ratios" represent the ratio of the probability that the event occurs to the probability that the event does not occur.  (Doc. 314 at n.2.)  In this context, Johnson is referring to the probability that the undesirable outcomes discussed in the Johnson Report will occur.

4

to respond to the criticisms made in Plaintiffs' rebuttal expert reports by Dr. Blum and Dr. Henshaw.  Defendants present a litany of reasons, in no organized manner, why the report is proper and should be allowed by the Court, including (1) Dr. Johnson did not have time to conduct the regression analysis[5] for inclusion in his initial report, (2) the new calculations were based upon updated data, (3) Plaintiffs were on notice that Johnson may conduct additional analysis, to control for covariates, (4) the Supplemental Report was filed prior to the discovery deadline, (5) the timing of the Supplemental report was reasonable under Fed. R. Civ. P. 26(a)(2)(C), and (6) the Supplemental Report is a proper supplement, not a surrebuttal.

On May 31, 2005, the last day of discovery, Defendant Kline served Plaintiffs with his Third Supplemental Disclosures (Doc. 319), which contained the newly-identified Supplemental Exhibits.  Kline indicated that he might use the Supplemental Exhibits in the direct examination of Defendants' experts at trial.  *Id.* at 3, ¶ 5.  The Supplemental Exhibits included sixty various articles (mostly scientific studies) related to the subject matter of this lawsuit.

---

[5] The new statistical analysis used to control for outside variables in the Supplemental Report is referred to as "multiple logistic regressions" in the Supplemental Report and "multivariate regression analysis" in Defendants' response brief.  For the sake of simplicity, the Court will simply refer to this analysis technique as "regression analysis."

Plaintiffs argue that the Supplemental Exhibits are untimely and improper amendments of the expert reports intended to "sandbag" Plaintiffs. Defendant Kline counters that the articles are merely supplements to support the opinions already given by Defendants' experts, and that such supplementations do not change the opinion of any expert. Defendants further argue that the Supplemental Exhibits were timely, as they were filed more than 90 days before trial.

In connection with Plaintiffs' Motion to Preclude Defendants' Use of Newly-Disclosed Trial Exhibits, Plaintiffs seek attorney fees to cover the cost of making that motion.

## DISCUSSION

The determinative issue before the Court is whether the Supplemental Expert Report and Supplemental Exhibits are proper supplements under Rule 26(e)(1). Defendants contend that their previous expert reports and exhibits were incomplete and that the Supplemental Report and Supplemental Exhibits are only intended to supplement those previous disclosures. The Court disagrees, finding that these "supplements" are, in fact, new and untimely disclosures.

A.    JOHNSON'S SUPPLEMENTAL EXPERT REPORT

Fed. R. Civ. P. 26(a)(2)(B) provides that expert reports "shall contain a complete statement of all opinions to be expressed and the basis and reasons

6

therefore; the data or other information considered by the witness in forming the opinions; [and] <u>any exhibits</u> to be used as a summary of or support for the opinions," among other things that are not relevant here.  The expert reports are to be made at the times and in the sequence directed by the Court.  Fed. R. Civ. P. 26(a)(2)(C).

Fed R. Civ. P. 26(a)(2)(C) requires parties to supplement their expert witness disclosures when required under Fed R. Civ. P. 26(e)(1).  Subsection (e)(1) provides that:

> [a] party is under a duty to supplement at appropriate intervals its disclosures under subdivision (a) if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.  With respect to testimony of an expert from whom a report is required under subdivision (a)(2)(B) the duty extends to both information contained in the report and to information provided through a deposition of the expert, and any additions or other changes to this information shall be disclosed by the time the party's [pretrial] disclosures . . . are due.

Rule 26(e)(1) places a <u>duty</u> on parties to supplement information provided during discovery, *i.e.,* to correct misleading or false information.  It does not give them a <u>right</u> to disclose information in an untimely fashion. ***Reid v. Lockheed Martin Aero. Co.***, 205 F.R.D. 655, 662 (D. Ga. 2001).   "Rule 26 does not . . .

bestow upon litigants unfettered freedom to rely on supplements produced after a court-imposed deadline, even if the rule's pretrial time limit is satisfied." *Id.*; *see also **DAG Enters. v. Exxon Mobil Corp.***, 226 F.R.D. 95, 110 (D. D.C. 2005) ("Plaintiffs' obligation to supplement their expert reports does not give them the right to ignore the Court's deadlines, reopen discovery, find 'new facts,' generate new expert reports, and then claim different damages."). A party may not utilize Rule 26(e)(1) to sandbag his opponent or to "deepen" or "strengthen" his case where the information should have been included in the expert report. ***Beller v. United States***, 221 F.R.D. 696, 701 (D. N.M. 2003) (citing ***Resolution Trust Corp. v. Gregory***, No. CIV 94-0052 (D. N.M.) (Kelly, J., sitting by designation)).

Supplementation under the Federal Rules of Civil Procedure means "correcting inaccuracies, or filling the interstices of an incomplete report based on information that was not available at the time of the disclosure." ***Keener v. United States***, 181 F.R.D. 639, 640 (D. Mont. 1998). Rebuttal evidence is evidence "intended solely to contradict or rebut evidence on the same subject matter identified by another party" in its expert disclosures. *Id.*; Fed. R. Civ. P. 26(a)(2)(C).

In this case, it seems clear to the Court that Johnson's Supplemental Report is, in fact, a surrebuttal report. The Supplemental Report directly refutes the

8

challenges and criticisms of the initial Johnson Report which were made by
Plaintiffs' experts in their rebuttal reports.  The Supplemental Report contains
analyses controlling for many of the precise variables proposed by Henshaw in his
rebuttal report, leaving little room for doubt that this report was intended to be a
surrebuttal.

Defendants argue that Johnson used new data in reaching the conclusions in
the Supplemental Report.  Even if that were true, it would not persuade the Court
that it should allow the report because it includes entirely new regression analysis
that should have been conducted prior to and included in the original Johnson
Report.  Such a failure will not be excused because Defendants have located some
new data on which to perform the regression analysis.[6]  The regression analysis
should have been conducted on the original data.  At a minimum, Defendants
should have sought leave to submit their surrebuttal expert report immediately after
Plaintiffs filed their rebuttal expert reports on March 29, 2005.[7]

_____

[6] Plaintiffs concede that supplementation would be proper to update the data in an
earlier report, conducting the same analysis on the new data.  (Doc. 314 at 4, n.1.)

[7] Defendants should have been made aware of Plaintiffs' critique of the Johnson
Report on March 15, 2005 when Johnson's deposition was taken.  At that time, Plaintiffs
questioned Johnson about his failure to control for other variables.  Since the Court's
Scheduling Order did not provide for any surrebuttal expert reports, Plaintiffs should have
at least raised this issue within 30 days after Plaintiffs had submitted their rebuttal expert
reports.  *See e.g.,* Fed. R. Civ. P. 26(a)(2)(C) (stating that in the absence of other
directions from the court, if the evidence is intended solely to contradict or rebut evidence

Because Defendants waited until discovery was nearly complete to serve Plaintiffs with the Supplemental Report, the Court is not receptive to Defendants offer to allow Plaintiffs to conduct another deposition of Johnson concerning the Supplemental Report. The Court has broad discretion over its control of discovery. ***Martinez v. Schock Transfer & Warehouse Co.***, 789 F.2d 848, 850 (10th Cir. 1986). In this case, the offer to allow Johnson to be re-deposed does not cure the problem. This would effectively result in the reopening of discovery which effectively undermines the very reason for setting expert deadlines in a scheduling order. That result leads to a procedure whereby experts submit "preliminary" reports, followed by new "supplemental" reports and the expert's final product is in flux up to the very day of trial. This circumvents the disclosure requirements of the federal rules and the scheduling order. *See e.g.,* ***Beller v. United States,*** 221 F.R.D. at 701. The Court is unwilling to exercise its discretion to reopen discovery in this case as there has been ample time for discovery and any reopening of discovery would arguably prejudice Plaintiffs by necessitating not only the re-taking of depositions of Defendants' experts, but also requiring Plaintiffs' experts to prepare yet another rebuttal report. Furthermore, Plaintiffs have already secured

---

on the same subject matter identified by another party's expert report, the disclosure should be made within 30 days after the disclosure by the other party).

10

the availability of their witnesses for the current trial date, which would probably

have to be postponed if the Court reopened discovery.  Such a delay is not

warranted under the circumstances.

B.      SUPPLEMENTAL EXHIBITS

With respect to the Supplemental Exhibits which Defendants identified for

the first time on the last day of discovery, the Court reaches the same conclusion.

All of Defendants' six experts' reports stated that the expert did not plan to use any

exhibits to support or summarize his or her opinions.[8]  Furthermore it appears that

most of the studies and articles listed as Supplemental Exhibits were published

before Defendants' expert reports were filed.[9]  Those should have been included in

the original expert reports, and the Court will not allow them to be disclosed at this

late date for the reasons previously stated.

Furthermore, the Court will not allow the use of any Supplemental Exhibits

that were published after the expert reports were filed because they change the very

_____

[8] Plaintiffs state in their memorandum in support of this motion that Defendants' experts' reports recite that they will not use any exhibits at trial. (Doc. 318 at 1.)  The Court does not have copies of the expert reports in question, but notes that Defendants do not refute Plaintiffs' statement.  Furthermore, the Court does have the Johnson Report, which states that no exhibits will be used (Doc. 314, Ex. A at 5), and the Supplemental Report, which lists only the four tables created by Johnson as potential exhibits to be used at trial. (Doc. 314, Ex. D at 6.)

[9] The Court could find only nine of the sixty articles that were dated in 2005.  The others all were apparently published prior to 2005.

nature of the testimony of Defendants' experts.  As previously stated, a

supplementation means correcting inaccuracies or filling interstices.  In this case,

Defendants experts did not plan to use any exhibits, including studies, to support

their testimony at trial.  Accordingly, it would not be the case that Defendants are

merely updating older studies with newer studies.  Instead, they are trying to

provide studies where none were used before.  This is not a proper supplement, but

rather an attempt to change the nature of Defendants' experts' testimony, which

would require another round of expert discovery and depositions.  As previously

stated, the Court is not willing to delay this trial because of Defendants' delay in

identifying these exhibits.

 Finally, the Court notes that Defendants' late disclosure of these new

exhibits violates the specific provisions of the Scheduling Order in this case which

provides that:

> Supplementations of disclosure under Fed.R.Civ.P. 26(e)
> shall be served at such times and under such
> circumstances as required by that rule.  In addition, such
> supplemental disclosures shall be served on **October 8,
> 2004; November 8, 2004; December 1, 2004; January
> 7, 2005**, and in any event 40 days before the deadline for
> completion of all discovery.  The supplemental
> disclosures served 40 days before the deadline for
> completion of all discovery, which are intended to
> replace what this court traditionally has called "final
> witness and exhibit lists," must identify the universe of
> all witnesses and exhibits that probably or even might be

12

used at trial.  The rationale for the mandatory
supplemental disclosures 40 days before the discovery
cutoff is to put opposing counsel in a realistic position to
make strategic, tactical, and economic judgments about
whether to take a particular deposition (or pursue follow-
up "written" discovery) concerning a witness or exhibit
disclosed by another party before the time allowed for
discovery expires.  Counsel should bear in mind that
seldom should anything be included in the final
Rule26(a)(3)-disclosures, which as explained below
usually are filed 20 days before trial, that has not
previously appeared in the initial Rule 26(a)(1)-
disclosures or a timely Rule 26(e) supplement thereto;
otherwise, the witness or exhibit probably will be
excluded at trial.  <u>See</u> Fed. R. Civ. P. 37(c)(1).

(Doc. 87 at 3-4, ¶ II.h.)  The discovery cutoff in this case was extended to May 30,

2005 (Doc. 194, ¶ 2), and Defendants' Third Supplemental Disclosures were made

on May 31, 2005 (Doc. 319), not 40 days prior to the discovery cutoff as required

by the Scheduling Order.

C.      SANCTIONS

        Rule 37(c)(1) provides that "[i]n addition to or in lieu of [excluding the

evidence from use at trial], the court, on motion and after affording an opportunity

to be heard, may impose other appropriate sanctions," including awarding expenses

and attorney fees and/or any sanctions authorized under Fed. R. Civ. P.

37(b)(2)(A), (B), and (C).

        In this case, while the Court will strike both the Supplemental Report from

13

Johnson and the Supplemental Exhibits, the Court does not decide the ultimate

issue of whether the information contained in the Supplemental Report and

Supplemental Exhibits can be used at trial.  Those decisions are best handled by

the District Judge in connection with a motion in limine or objections at trial.  *See*

Fed R. Civ. P. 37(c)(1) ("A party that <u>without substantial justification</u> fails to

disclose information required by Rule 26(a) or 26(e)(1) . . . is not, <u>unless such

failure is harmless</u>," permitted to use such information at trial.); *see also **Searles v.***

***Van Bebber***, 251 F.3d 869, 877 (10th Cir. 2001) (stating that "a trial judge is not

rigidly bound to exclude all evidence as a sanction for failure to fulfill the

disclosure requirements");  ***Orjias v. Stevenson***, 31 F.3d 995, 1005 (10th Cir. 1994)

("Notwithstanding Rule 37(c), the district court may be found to have abused its

discretion if the exclusion of testimony results in fundamental unfairness in the

trial of the case.");  ***Smith v. Ford Motor Co.*** 626 F.2d 784, 797 (10th Cir. 1980),

*cert. denied* 450 U.S. 918 (1981) (applying a four part test to determine whether

allowance of expert testimony by the district court was proper when the opinion

was not disclosed during discovery).  Furthermore, since this case involves a court

trial rather than a jury trial, those evidentiary issues can easily be handled by the

trial judge.

Because the Court does not decide the issue of whether the Supplemental

14

Exhibits will be excluded from use at trial, it is not in a position to determine whether additional or alternate sanctions are appropriate.  If the District Judge refuses to allow the use of the Supplemental Exhibits at trial, that sanction alone will be sufficient, and this Court would not award any costs or expenses in connection with the motion.  Accordingly, the Court denies Plaintiffs' request for attorneys fees in connection with this motion without prejudice to the renewal of the motion at a future date.

**IT IS THEREFORE ORDERED** that Plaintiffs' objections to the Supplemental Expert Report of Kirk A. Johnson, PhD. dated May 13, 2005 are SUSTAINED and the Supplement Report dated May 13, 2005, is hereby stricken.

**IT IS FURTHER ORDERED** that Plaintiffs' motion to preclude use of exhibits (Doc. 317) is GRANTED in part and DENIED in part, consistent with this Order, and Defendants' Third Supplemental Disclosures are stricken as to the exhibits identified Paragraph B(5).

**IT IS SO ORDERED.**

Dated at Wichita, Kansas on this 14th day of July, 2005.

    s/   Donald W. Bostwick
DONALD W. BOSTWICK
United States Magistrate Judge

15