IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AID FOR WOMEN, et al., )
)
            Plaintiffs, )
)
v. ) Case No. 03-1353-JTM-DWB
)
NOLA FOULSTON, et al., )
)
           Defendants. )
_____ )

## MEMORANDUM AND ORDER

Before the Court is Plaintiffs' Motion to Compel the Production of Defense Witness Swanson's Draft Expert Report (Doc. 323), seeking an order to compel Defendants to disclose prior drafts of Swanson's expert report and seeking attorneys' fees incurred in making this motion. Defendants filed a response (Doc. 331), and Plaintiffs replied (Doc. 332).

## BACKGROUND

The Court has summarized the nature of this case and the claims of the parties in its prior Memorandum and Order of May 6, 2005 (Doc. 277 at 2-5) and will not repeat that summary here. With respect to the current motion, the facts are largely undisputed.

Defendants retained Detective Jeffrey Swanson of the Wichita Police Department as an expert witness to testify about the investigation of underage

sexual activity. Swanson's expert report ("Swanson Report") was timely submitted to Plaintiffs on January 27, 2005. Plaintiffs now seek copies of prior drafts of the Swanson Report.

Plaintiffs claim that the drafts are responsive to several document requests submitted by Plaintiffs to Defendants. In their First Set of Requests for Production of Documents, Plaintiffs requested "[a]ll documents . . . received by Defendant from . . . law enforcement officials concerning the investigation of, prosecution of, or other official response to, underage consensual sexual activity."[1] (Doc. 324 at 1-2) (internal quotations omitted). Later, on March 21, 2005 Plaintiffs served a subpoena *duces tecum* on Swanson, commanding him to appear for deposition and to produce "[a]ll documents created by you [Swanson] concerning the reporting statute or the Kline Opinion or this lawsuit, <u>including drafts of your expert report</u>." (Doc. 324, Ex. D ¶ 5) (emphasis added). The documents were to be produced on March 28, 2005, and the deposition was conducted on March 30, 2005. Swanson did not produce any drafts of his report.

At his deposition, Swanson stated that he had made changes to his report upon the suggestion of Defendants' counsel that his draft was too long. (Doc. 324,

---

[1] Identical requests were served on Defendants Foulston and Kline on September 14, 2004 and October 4, 2004, respectively.

Ex. E at 21:13-18.)[2]  Swanson also stated that he did not have any prior drafts of his expert report (in print or electronic form) because he just edited and saved over the same report.  (*Id.* at 21:19-25, 22:1-3.)  Swanson then stated that he had faxed the report to Defendants' counsel at the Attorney General's office.  (*Id*. at 23:16-19.)  Counsel for Plaintiffs and Defendants then engaged in an on-the-record discussion about whether the faxed document was retained in Defendants' files.  *Id*. at 23:20-25, 24:1-19.  Ultimately, Plaintiffs' Counsel requested that the faxed draft be disclosed if it was in Defendants' counsel's file.  Defendants' counsel acknowledged the request.

Defendants failed to disclose any draft.  On May 9, 2005, Plaintiffs' counsel sent an e-mail request to Defendants' counsel, seeking disclosure of the draft.  (Doc. 324, Ex. F.)  When Defendants' counsel did not respond, Plaintiffs' counsel issued two more e-mails on May 31, 2005 and June 3, 2005, containing the same requests.  Defendants' counsel again failed to respond, prompting Plaintiffs to file this motion.

Plaintiffs seek to compel Defendants to disclose prior drafts of Swanson's

---

[2] In the deposition, Swanson answered several questions by Plaintiffs' counsel about whether Defendants' counsel told Swanson what to cut from his report or whether counsel made any written edits of the report. (*Id.* at 21-23.)  Swanson's answers indicate that he decided on his own how to shorten his report and the final version of the report contains all opinions that were expressed in the earlier draft.  (*Id.)*

3

expert report, which Plaintiffs purportedly plan to use to prepare for cross examination of Swanson. Plaintiffs also seek an award of attorney fees in connection with this motion. Defendants argue that this motion is untimely and that Plaintiffs have not been prejudiced by Defendants' failure to disclose the drafts. Plaintiffs further state that there is an ongoing office review for any fax communications received by Defendants' counsel from Swanson and that any faxes discovered will be promptly produced.[3]

## DISCUSSION

The Court notes that Defendants do not argue that any draft expert reports are irrelevant or otherwise undiscoverable. In fact, drafts of expert reports are relevant and discoverable. *See* **Krisa v. Equitable Life Assur. Soc.**, 196 F.R.D. 254, 256 (M.D. Pa. 2000) (holding that, after the 1970 amendments to the Federal Rules of Civil Procedure, documents prepared by expert witnesses are clearly not protected by the work product doctrine); **Ladd Furniture, Inc. v. Ernst & Young**, Case No. 95-00403, 1998 WL 1093901, at *11 (M.D. N.C. Aug. 27, 1998) (noting that other courts have found draft expert reports to be discoverable); **B.C.F. Oil Refining, Inc. v. Consolidated Edison Co. of New York, Inc.**, 171 F.R.D. 57, 62

---

[3] With their response, Defendants disclose the final Swanson Report, holding such report out as the only fax communication from Swanson located to that point. (Doc. 331 at 3.)

(S.D. N.Y. 1997) (same); ***Quadrini v. Sikorsky Aircraft Division, United Aircraft Corp.***, 74 F.R.D. 594, 595 (D. Conn. 1977) (holding that expert testimony was crucial to the resolution of complex and technical factual disputes and effective cross examination).

Defendants do, however, argue that the motion is untimely pursuant to D. Kan. Rule 37.1.  The local rule provides that

> [a]ny motion to compel discovery . . . shall be filed and served within 30 days of the default or service of the response, answer or objection which is the subject of the motion, unless the time for filing such motion is extended for good cause shown.  Otherwise, the objection to the default, response, answer, or objection shall be waived.

D. Kan. Rule 37.1(b).

The parties do not dispute that more than thirty days elapsed between the due date for Defendants to respond to Plaintiffs' discovery requests and the filing of this motion by Plaintiffs.  Plaintiffs' most recent discovery request was contained in the subpoena *duces tecum*, which specifically requested that prior drafts be provided by March 28, 2005.  This motion was not filed until June 10, 2005, over a month past the April 27 deadline.[4]

Plaintiffs argue that Defendants had a continuing duty to supplement their

---

[4] The Court also notes that the motion was not filed until after the discovery cutoff date of May 30, 2005.  *See* Doc. 194, ¶ 2.

discovery responses, making their default ongoing, and, alternatively, that any tardiness by Plaintiffs was in reliance on Defendants' counsel's indication that he would produce the document, which is good cause for an extension of the deadline.

The Court rejects Plaintiffs' argument that Defendants' continuing duty to supplement discovery responses under Fed. R. Civ. P. 26 brings Plaintiffs' motion within the time limits of Rule 37.1.  Plaintiffs' basic contention is that Defendants' failure to respond to Plaintiffs' discovery requests represents an ongoing violation of their duty to supplement their disclosures and renders their default ongoing. The default is ongoing until the requested information is provided, in which case the motion to compel becomes moot.  Thus, under Plaintiffs interpretation, a motion to compel can be made anytime.  Such an interpretation would render Rule 37.1(b) entirely meaningless.  Plaintiffs cite no caselaw support for their interpretation, and the Court refuses to adopt it without further justification.

The Court further rejects Plaintiffs contention that it has shown good cause for its delay in filing this motion.  The Court has discretion in determining whether good cause has been shown to extend the deadline established in Rule 37.1.  *See* ***Claytor v. Computer Assocs. Int'l, Inc.***, 211 F.R.D. 665, 666-667 (D. Kan. 2003) (holding that a district court will review a magistrates decisions on non-dispositive

pretrial matters under a clearly erroneous standard).  The Court does not find good cause in this case.

The Court notes that other courts in this district have held that the deadline may be extended where the existence of the information or documents in question is not known until after the deadline.  See **Haggard v. Std. Register Co.**, Case No. 01-2513, 2003 WL 365955, at *2 (D. Kan. Jan. 21, 2003) (holding that a motion to compel was timely when it was filed less than 30 days after the requesting party discovered at deposition that responsive information was in the possession of the opposing party, despite the fact that the motion was filed over two months after the initial response to the relevant discovery request); **Black & Veatch Int'l Co. v. Foster Wheeler Energy Corp.**, Case No. 00-2402, 2002 WL 1071932, at *3 (D. Kan. May 10, 2002) (holding that a motion to compel was timely where "Defendant did not become aware until the deposition of a corporate representative . . . that Plaintiff had in its possession records kept by electronic means which could be used to recreate all of the design calculations which were called for in Defendant's May 4, 2001 discovery requests") (internal quotations omitted).

However, in this case, Plaintiff was made aware of the potential existence of a draft report in the possession of Defendants' counsel by March 30, 2005, the date of Swanson's deposition.  Plaintiffs' motion was not filed until June 10, 2005, over

two months after Plaintiffs were made aware of the possible copy of the draft report. This untimeliness is not excusable on the grounds that Plaintiffs were unaware of the existence of the draft report.

The Court further notes that other courts in this district have found good cause for extending the Rule 37.1 deadline where the requesting party has been diligent in resolving the dispute and failed to file a motion to compel in good faith reliance on opposing counsels assurances that the information would be disclosed. *See **Allianz Ins. Co. v. Surface Specialities, Inc.***, Case No. 03-2470, 2005 WL 44534, at *1 (D. Kan. Jan. 7, 2005) (holding that "the conduct and statements of Plaintiff's counsel during the relevant thirty-day time period, defense counsel's good faith reliance upon same, and the exhaustive efforts made by defense counsel to resolve the dispute between the parties all establish good cause for its sixteen-day delay in filing its motion to compel").

Again, this is not the case here. Even if the Court considers the on-the-record discussion by counsel at Swanson's deposition to be an independent discovery request by Plaintiffs for the disclosure of drafts of the Swanson Report, Plaintiffs were not diligent in the thirty days thereafter in resolving any disputes that discovery was not being made. *See **Sonnino v. Univ. of Kan. Hosp. Auth.***, 220 F.R.D. 633, 638 (D. Kan. 2004) (rejecting Plaintiffs argument that it has

shown good cause for an extension of the Rule 37.1 deadline where "during the thirty-day period in which Plaintiff should have filed her motion to compel . . . Plaintiff's counsel corresponded only once with counsel for the [Defendant]).

In this case, Plaintiff did not contact Defendants <u>at all</u> during the thirty day period after the deposition to follow up on the request. The first contact by Plaintiffs counsel regarding this matter was on May 9, 2005, <u>forty days</u> after the deposition.

**IT IS THEREFORE ORDERED** that Plaintiffs motion is DENIED as untimely.

**IT IS FURTHER ORDERED** that Plaintiffs request for attorney fees is DENIED.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas on this 14th day of July, 2005.

    s/   Donald W. Bostwick
DONALD W. BOSTWICK
United States Magistrate Judge