IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AID FOR WOMEN, et al.,

        Plaintiffs,

vs.

        Case No. 03-1353-JTM

NOLA FOULSTON, et al.,

        Defendants.

## MEMORANDUM AND ORDER

This matter comes before the court on the plaintiffs' Motion for Partial Summary Judgment (Dkt. No. 345). For the reasons set forth herein, the court denies plaintiffs' motion.

## I. STANDARD OF REVIEW

Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact, and that the moving party is entitled to judgments as a matter of law. Fed.R.Civ.P. 56(c). In considering a motion for summary judgment, the court must examine all of the evidence in a light most favorable to the opposing party. Jurasek v. Utah State Hosp., 158 F.3d 506, 510 (10th Cir. 1998). The party moving for summary judgment must demonstrate its entitlement to summary judgment beyond a reasonable doubt. Baker v. Board of Regents, 991 F.2d 628, 630 (10th Cir. 1993). The moving party need not disprove the nonmoving party's claim or defense; it need only establish that the factual

allegations have no legal significance. Dayton Hudson Corp. v. Macerich Real Estate Co., 812 F.2d 1319, 1323 (10th Cir. 1987).

The party opposing summary judgment must do more than simply show there is some metaphysical doubt as to the material facts. "In the language of the Rule, the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)) (emphasis in Matsushita). The opposing party may not rely upon mere allegations or denials contained in its pleadings or briefs. Rather, the opposing party must present significant admissible probative evidence supporting that party's allegations. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

## II. FINDINGS OF FACT

The individual plaintiffs are among those licensed professionals who are required by the reporting statute to report instances of abuse or neglect of a "child" to the Kansas Department of Social and Rehabilitation Services (hereafter "SRS"). Among the plaintiffs are some who provide abortions and contraception to adolescents under the age of 16 as well as pregnancy-related care.

On June 28, 2003, Attorney General Kline issued an opinion construing the reporting statute to mean that any illegal sexual activity by or with a minor is inherently injurious to the minor and hence must be reported to SRS or other appropriate state officials. Kansas Att'y Gen. Op. No. 2003-17 (June 18, 2003).

SRS employees acknowledge that if SRS commences an investigation of an allegation of child abuse (including sexual abuse of an adolescent), the adolescent's parent or parents may be contacted

depending on the type of abuse reported. SRS also generally seeks parental permission to interview the minor. SRS Manual § 2130. In addition, law enforcement officers may also contact the parents of adolescents who are alleged to be victims of child abuse (including sexual abuse) when they investigate such allegations.

## III. ANALYSIS

In their motion for partial summary judgment, plaintiffs advance two arguments in support of their contention that automatic report of a minor's illegal sexual activities as child abuse violates an adolescent's decisional privacy right. First, plaintiffs argue that automatic reporting provides parents actual notice that the adolescent has sought an abortion, contraception or prenatal care when an investigation is conducted. Second, plaintiffs contend that the automatic reporting statute provides parents an unrestricted opportunity to ascertain that the adolescent obtained such health care, even when there is no investigation, by obtaining access to SRS records of child abuse allegations regarding their child. Stated another way, the automatic reporting statute violates the right to confidential abortions and right to confidential contraceptive and pregnancy-related care where the adolescent is deemed mature enough to choose abortion independent of her parents or where notice to the parents is contrary to her best interest.

In response, defendants argue that plaintiffs have failed to show that the reporting statute runs afoul of a minors' decision privacy rights to obtain contraception, pregnancy related care or an abortion without parental involvement. First, defendants argue that plaintiffs misconstrue K.S.A. § 38-1507, which authorizes only limited disclosure. Defendants contend that plaintiffs "suffer from the illusion that SRS's investigation policy is either a necessary part of the reporting statute or that SRS policy has the

3

force and effect of law." Dkt. No. 356, at p. 2. Second, defendants argue that plaintiffs' issue is not actually with the reporting statute but with other statutes. Finally, defendants argue that the plaintiffs have omitted the balancing test between a minor's decisional privacy right and the states' demonstration that the restriction in issue serves a significant state interest not present in the case of an adult.

K.S.A. § 38-1507 authorizes access to otherwise confidential SRS records, as followings:

> (c) *Necessary access.* The following persons or entities shall have access to information from agency records. Access shall be limited to information reasonably necessary to carry out their lawful responsibilities, to maintain their personal safety and the personal safety of individuals in their care, or to educate, diagnose, treat, care for or protect a child alleged to be in need of care. Information authorized to be disclosed pursuant to this subsection shall not contain information which identifies a reporter of a child who is alleged or adjudicated to be a child in need of care.
> 
> ....
> 
> (2) A parent or other person responsible for the welfare of a child, or such person's legal representative.
> 
> ....

K.S.A. § 38-1507(c). As the court understands the deposition testimonies, access to confidential SRS records is limited to circumstances where there is an open case that has been "screened in" and assigned for further investigation. Depo. Hogan, Dkt. No. 347, Exhibit C, at p. 12-13. When there is an open case, parents would know because SRS typically contacts them. Depo. Hogan, Dkt. No. 347, Exhibit C, at p. 12. Where a case has been "screened out," parents do not have access to the files because the parents do not fall within the requirements of K.S.A. § 38-1507. Depo. Hogan, Dkt. No. 347, Exhibit C, at p. 12-13.

However, in the investigation process, SRS policy does encourage that a parent be notified of an interview with a child, though the policy provides for exceptions. SRS Policy § 2130. If the parent

is the perpetrator, then he or she is likely to have notice, though it is not clear whether they will have access to the agency records. Depo. Hazlett, Dkt. No. 347, Exhibit B, at p. 8. If the sexual abuse is by another party, the parent is also likely to have notice. Depo. Hazlett, Dkt. No. 347, Exhibit B, at p. 8.

The central issue with this application of SRS policy to the reporting statute is whether notification violates a minor's right to decisional privacy where she has been determined to be sufficiently mature or where notification is not in the minor's best interest. This is a limited exception where the court or another party has already determined the minor's competency or interest in maintaining confidentiality. Although defendants argue that the state's interest should still trump, such an outcome appears contrary to the limited exception. If the appropriate bodies have already determined that parental notification is not in the interest of the child, then the SRS policy would run afoul of the limitations already set.

The court, however, lacks some additional information to make a determination. First, if SRS has policies that limit a parent's access to "screened in" investigations where a minor is determined to be competent or it is in her interest to maintain confidentiality, then there may be no issue of violating the minor's rights. Neither party directly addressed this issue. Second, plaintiffs' facts also appear to implicate situations where the parent may be notified because of an ongoing SRS investigation. The deposed parties appeared to give contradictory or incomplete information as to how SRS policies operate in notifying parents. Without a fuller understanding of how the policies are applied, the court is reluctant to enter judgment in favor of plaintiffs at this time. As a result, the court denies plaintiffs' motion for partial summary judgment.

IT IS ACCORDINGLY ORDERED this 13th day of December 2005, that the court denies plaintiffs' Motion for Partial Summary Judgment (Dkt. No. 345).

s/ J. Thomas Marten<br>
J. THOMAS MARTEN, JUDGE