IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AID FOR WOMEN, et al.,

        Plaintiffs,

     vs.                         Case No. 03-1353-JTM

NOLA FOULSTON, et al.,

        Defendants.

## MEMORANDUM AND ORDER

       This matter comes before the court on the defendants' Motion in Limine to Exclude Irrelevant Evidence Concerning Two Social and Rehabilitation Services (hereafter "SRS") Policies (Dkt. No. 342) and plaintiffs' Motion to Exclude the Testimony of Defendants' Expert Kirk A. Johnson, Ph.D. (Dkt. No. 349).  For the reasons set forth herein, the court denies defendants' Motion in Limine and denies plaintiffs' Motion to Exclude.

## I. MOTION IN LIMINE

       Defendants argue that SRS's screening out policy and investigation policy are not relevant to plaintiffs' declaratory judgment action. Plaintiffs respond that the policies should be included because: 1) both defendants have stipulated to the admission at trial of the SRS "screening policy" and rely upon that policy as a "material fact" in support of their own motion for summary judgment; 2) at the preliminary injunction hearing, defendant Foulston moved for the admission into evidence of both

policies she now seeks to exclude, and she quotes those policies at length in her brief to the Tenth

Circuit in the appeal from the court's preliminary injunction; and 3) both policies are relevant to

plaintiffs' claims. After reviewing the parties' arguments, the court finds the policies are relevant to the

trial.

Since the parties had already agreed to the admissibility of SRS policies, the court finds no

grounds for now granting the motion in limine. The court appreciates defendants' consciousness in

attempting to limit information that may be irrelevant. However, the court finds the SRS policies are

relevant and their interpretation plays an important part in understanding the constitutionality of the

reporting statute as applied. Since this is a bench trial and there is no issue of jury confusion, the court

does not find it necessary to exclude discussion of SRS policies on some claims but not others. The

court anticipates that the evidence may not always be presented on a claim-by-claim basis, and thus

such a ruling is likely not to be helpful to the parties or the court. Defendants are free to raise the issue

of relevance at trial for particular lines of questioning, if counsel determines it necessary.

## II. MOTION TO EXCLUDE THE TESTIMONY

Plaintiffs filed a motion to exclude the testimony of Dr. Kirk A. Johnson arguing that his

testimony lacks a valid scientific basis and is irrelevant to the matters at hand. Plaintiffs' specific

objections to Dr. Johnson's testimony are as follows: 1) that the expert mistakenly equates causation

with correlation; 2) that the expert uses sexual activity when his data is limited to women's sexual

intercourse; 3) that the expert assumes that certain activities are per se harmful without scientific basis

for assuming so; and 4) that the expert does not provide any support for the existence of correlative

relationship between commencing sexual activity other than sexual intercourse prior to age sixteen and

2

any of the social choices and health problems he identified. Defendants respond that the testimony is based on accepted scientific methods and is relevant to the proceedings at hand. After reviewing the parties' arguments, the court finds that defendants' expert testimony should be included with the limitations outlined herein.

Federal Rule of Evidence 702 provides that an expert may testify to those opinions based upon sufficient facts or data and that are a product of reliable principles and methods applied to the facts of the case. Fed. R. Evid. 702. The trial judge serves as a gatekeeper inquiring into both the relevance and reliability of expert testimony. Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 579-80, 113 S.Ct. 2786 (1993). Fed. R. Evid. 702 advisory committee's note (2000 amend.). As a gatekeeper, the court ensures "that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 152, 119 S.Ct. 1167 (1999).

To assess the reliability of testimony, the court reviews the non-exclusive checklist set forth in Daubert. The court inquires:

> 1) whether the expert's technique or theory can be or has been tested – that is, whether the expert's theory can be challenged in some objective sense, or whether it is instead simply a subjective, conclusory approach that cannot reasonably be assessed for reliability; 2) whether the technique or theory has been subject to peer review and publication; 3) the known or potential rate of error of the technique or theory when applied; 4) the existence and maintenance of standards and controls; and 5) whether the technique or theory has been generally accepted in the scientific community.

Fed. R. Evid. 702. Kumho Tire Co v. Carmichael, 526 U.S. at 157, 119 S.Ct. 1167 (applying similar standards to non-scientific experts). The trial judge is given broad discretion in determining how to

assess an expert's relevance and reliability.  Kumho, 526 U.S. at 152, 119 S.Ct. 1167.  The court may

require special briefing or other proceedings to determine relevance and reliability.  Kumho, 527 U.S.

at 152, 119 S.Ct. 1167.  The court also has the discretion to determine when a reliability screening may

be unnecessary in proceedings where the reliability of the expert's method is properly taken for

granted.  Kumho, 572 U.S. at 152-153, 119 S.Ct. 1167.

There is no issue as to Dr. Johnson's qualifications. He has a doctoral degree in public policy

from George Mason University with postdoctoral training from the Massachusetts Institute of

Technology.  He presently teaches graduate level statistics in the School of Public Policy at George

Mason University and works as a senior policy analyst at the Heritage Foundation.  For the purposes

of this case, Dr. Johnson analyzed data collected by the National Survey of Family Growth (hereafter

"NSFG"), which is sponsored by the National Center for Health Statistics of the U.S. Department of

Health and Human Services.  The NSFG data sample only deals with sexual intercourse (i.e.

penile/vaginal intercourse) of women between the ages of 15 to 44, and thus Dr. Johnson's expert

report is similarly limited.  Dr. Johnson's tabulations have not been published in a journal or subject to

traditional peer review, though they have been published by the Heritage Foundation in the "Book of

Charts."

As to plaintiffs' first argument, the court agrees with the fundamental principle that correlation

does not equal causation.  Norris v. Baxter Healthcare Corp., 397 F.3d 878, 885 (10th Cir. 2005).

While Dr. Johnson used the word "consequence" in his report, which has the implication of causation,

he repeatedly qualified his conclusions with the terms "likely" and "more likely."  Further, in his

deposition, he is careful to make the distinction between causation and correlation.  Johnson Depo, p.

4

77 10-18.   In reviewing the report and the deposition testimony, the court finds that Dr. Johnson distinguishes his study as correlative, though he may have improvidently used the word "consequences" in the opening sentence of his report.  The court asks that the expert limit his testimony to correlation that he has scientific evidence to substantiate.

Next, the plaintiffs argue that the expert's testimony should be limited to his study of sexual intercourse rather than sexual activity.  The deposition indicates that Dr. Johnson based his analysis on the NSFG data.  Since this data is limited to sexual intercourse rather than sexual activity in general, Dr. Johnson's testimony should be limited to the confines of the data he analyzed.

Third, plaintiffs argue that the expert inappropriately assumes that certain consequences are per se harmful without scientific evidence to support this conclusion.  If the expert sets out certain correlations between sexual intercourse and later life developments, he may testify as to what he believes is the import of these findings.  While plaintiffs may contest the per se harmfulness of divorce, out of wedlock marriage and multiple partners, other factors that Dr. Johnson highlights, such as STDs and poverty rates, may be more widely accepted as negative.  Plaintiffs are free to question Dr. Johnson on these underlying value determinations as they affect his credibility.

Fourth, based on the courts finding that the expert's testimony should be limited to his analysis of sexual intercourse, the court finds that the expert limit his testimony to sexual intercourse correlative findings since his data analysis is so limited.

Overall, the court finds that the expert's evaluation of the NSFG statistics would assist the trier of fact.  Since there have been questions as to the reliability of Dr. Johnson's testimony, the court notes that there are many ways in which an expert's testimony may be considered reliable.  While publication

in a peer reviewed journal is one indicia of reliability, it is not an exclusive means. Where information is analyzed from national survey databases, the use of correlative analysis may be acceptable. Dr. Johnson asserts that his findings would be largely the same if he used multivariate controls as he had done in a 1995 study.  Under these circumstances, the court finds that Dr. Johnson's testimony should be admitted.

While permitting Dr. Johnson's testimony, the court reminds defendants that the expert testimony should be limited to what may be reasonably drawn from Dr. Johnson's findings.  After the lengthy discussion of correlation v. causation and sexual activity v. sexual intercourse, the court expects that the parties will avoid overstating Dr. Johnson's conclusions.

IT IS ACCORDINGLY ORDERED this 14th day of December 2005, that the court denies defendants' Motion in Limine to Exclude Irrelevant Evidence Concerning Two Social and Rehabilitation Services Policies (Dkt. No. 342).

IT IS FURTHER ORDERED that the court denies plaintiffs' Motion to Exclude the Testimony of Defendants' Expert Kirk A. Johnson, Ph.D. (Dkt. No. 349).

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE

6