IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AID FOR WOMEN, et al.,

        Plaintiffs,

vs.                                           Case No. 03-1353-JTM

NOLA FOULSTON, et al.,

        Defendants.

**MEMORANDUM AND ORDER**

This matter comes before the court on the defendants' Motion to Strike Plaintiffs' Pretrial Order Characterization of their Fourth Claim for Relief (Dkt. No. 351) and defendants' Motion for Summary Judgment on Plaintiffs' Fourth Claim for Relief (Dkt. No. 346). For the reasons set forth herein, the court denies defendants' Motion to Strike and grants in part and denies in part defendants' Motion for Summary Judgment.

**I. MOTION TO STRIKE PLAINTIFFS' PRETRIAL ORDER CHARACTERIZATION**

**A. Background**

In their Third Amended Complaint, plaintiffs included a fourth claim for relief under the equal protection clause, stating:

> The reporting statute is unconstitutional under the Equal Protection Clause of the Fourteenth Amendment as applied to consensual sexual activity between a minor under 16 years of age and a person of similar age in which injury to the minor is not reasonably suspected because it establishes <u>impermissible classifications</u>.

Dkt. No. 135, at ¶ 66 (emphasis added).

On August 1, 2005, plaintiffs presented the following language in the proposed pretrial order to Magistrate Judge Donald Bostwick. In <u>Section 6.a. Theories of Recovery</u>, plaintiffs asserted the following:

> The reporting statute is unconstitutional under the Equal Protection Clause of the Fourteenth Amendment as applied to consensual sexual activity between a minor under 16 years of age and a person of similar age in which injury to the minor is not reasonably suspected, because it discriminates based on marital status, <u>and because it discriminates based upon whether the symptom(s) of possible abuse presented by a particular adolescent relate to sexual activity.</u> (Count 4 of Complaint).

Dkt. No. 352, at p. 19, ¶ 4 (emphasis added). Defendants object to the addition of the emphasized clause arguing that it radically expanded plaintiffs' equal protection claim. Defendants argue that the Third Amended Complaint only put them on notice that "impermissible classifications" related to the classification of married and unmarried minors. Defendants request that the emphasized clause be struck.

In <u>Section 6.b. Theories of Recovery</u>, plaintiffs asserted the following essential elements:

> **4) Equal Protection:** In order to prevail on their equal protection claim, Plaintiffs must prove:
>     **a.** that the reporting statute creates a classification in which similarly situated classes of persons are treated differently; and
>     **b. 1.** if the classification impinges upon the fundamental right to marriage<u>or the fundamental right to informational or decisional privacy</u>, that any justification offered by the state for the classification is not narrowly tailored to serving a compelling state interest; or
>     **b. 2.** if the classification does not impinge upon a fundamental right, that any justification offered by the state for the classification is not rationally related to a legitimate state interest.

Dkt. No. 352, at p. 28, ¶ 4. Defendants objected in the pretrial order to the inclusion of the phrase

"fundamental right to information or decisional privacy" arguing that it does not correlate to plaintiffs' fourth claim of relief as stated in the Third Amended Complaint. Again, defendants argue that "impermissible classification" only put them on notice of classification of married and unmarried minors.

In Section 9. Legal Issues, plaintiffs included the following:

> Plaintiffs' characterization: Whether mandating health care providers and counselors to report adolescents' consensual sexual activity with persons of similar age to government violates equal protection of the law by creating classifications that impinge upon the right to marriage and the rights to informational and decisional privacy.

Dkt. No. 352, p. 39, ¶ 5 (emphasis added).  Although not clearly stated in their motion, defendants appear to object to the emphasized clause arguing that they are unable to discern exactly in what manner plaintiffs are claiming the reporting statute violates equal protection law.

## B. Analysis

The central issue is whether plaintiffs' inclusion of fundamental rights in their pretrial order submissions unfairly expanded their equal protection claims.  Defendants argue that they were not on notice of plaintiffs' fundamental rights claims and that they will be unfairly prejudiced by this "stealth tactic."  Plaintiffs respond that they have not materially altered their claim but rather provided a fuller description of the extent to which the impermissible classifications impinge on fundamental rights. Plaintiffs argue that defendants failed to inquire as to the scope of their equal protection and that plaintiffs are not at fault for defendants' oversight.

"Impermissible classification" is a broad term used in equal protection analysis.  There are two ways in which a legislative classification may be deemed impermissible: 1) where it interferes with a fundamental right; or 2) where it operates to the peculiar disadvantage of a suspect class.  16A C.J.S.

Constitutional Law § 714 (2005) citing Regan v. Taxation with Representation of Washington, 461 U.S. 540, 103 S.Ct. 1997, 76 L.Ed.2d 129 (1983) (per Justice Rehnquist, with the Chief Justice, Justice Powell and Justice O'Connor concurring and Justice Stevens concurring in judgment.). Plaintiffs' use of the term "impermissible classification" should be construed broadly to include both claims of fundamental rights as well as disparate treatments of similarly situated persons.  While defendants may have been under the belief that only one type of claim was at issue, they do not indicate when or how they attempted to investigate the scope of plaintiffs' claim.  Defendants only argue that they engaged in substantial discovery to ascertain the exact nature of plaintiffs' claim and refer to the civil docket sheet in support of this contention.  However, this citation is too broad and does not permit the court to determine where defendants may have made such a detailed inquiry of the contours of the equal protection claim.  Defendants' reliance on Cessna Aircraft Co. v. Hartford Accident & Indemnity Co., 900 F. Supp. 1489, 1506 (D. Kan. 1995), is also of no avail.  Unlike in Cessna, there appear to be no new facts and only refinement of legal theories.  Id.  As a result, the court finds that plaintiffs' characterization of their claims in Sec. 6a, 6b, and 9 should remain.

## II. MOTION FOR SUMMARY JUDGMENT

### A. Standard of Review

      Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact, and that the moving party is entitled to judgments as a matter of law. Fed.R.Civ.P. 56(c).  In considering a motion for summary judgment, the court must examine all of the evidence in a light most favorable to the opposing party.  Jurasek v. Utah State Hosp., 158 F.3d 506, 510 (10th Cir. 1998).

The party moving for summary judgment must demonstrate its entitlement to summary judgment beyond a reasonable doubt. Baker v. Board of Regents, 991 F.2d 628, 630 (10th Cir. 1993). The moving party need not disprove the nonmoving party's claim or defense; it need only establish that the factual allegations have no legal significance. Dayton Hudson Corp. v. Macerich Real Estate Co., 812 F.2d 1319, 1323 (10th Cir. 1987).

The party opposing summary judgment must do more than simply show there is some metaphysical doubt as to the material facts. "In the language of the Rule, the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)) (emphasis in Matsushita). The opposing party may not rely upon mere allegations or denials contained in its pleadings or briefs. Rather, the opposing party must present significant admissible probative evidence supporting that party's allegations. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

**B. Analysis**

The findings of fact are the same as those set forth in the "background" section of this order in the discussion of defendants' motion to strike (See infra I.A). Defendants only added that they have scoured the record in search of facts of evidentiary value in support of plaintiffs' equal protection claim but have failed to find support for plaintiffs' claim.

In their motion for summary judgment on plaintiffs' fourth claim, defendants argue that age and marital status are not suspect classes citing Jones v. Wildgen, 320 F. Supp.2d 1116, 1132 (D. Kan. 2004). Based on this premise, defendants argue that the reporting statute as it relates to the classes of

married and unmarried minors need only be rationally related to a legitimate state interest. In support of this contention, defendants cite State v. Horn, 109 P.3d (Kan. App. 2005), an unpublished opinion for the proposition that a state has a rational basis for treating unmarried minors differently from married minors.

The equal protection clause of the Fourteenth Amendment provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, Equal Protection Clause. When the government treats plaintiffs differently than it treats similarly situated individuals, it implicates plaintiffs' right to equal protection. See Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985); Jones v. Wildgen, 320 F. Supp.2d 1116, 1129-1130 (D. Kan. 2004). An aggrieved party may bring an equal protection claim either by alleging discrimination against a suspect class or by alleging a classification that burdens a fundamental right. Kinnell v. Graves, 265 F.3d 1125, 1128 (10th Cir. 2001) (quoting Romer v. Evans, 517 U.S. 620, 631, 116 S.Ct. 1620, 134 L.Ed.2d 855 (1996)).

Age is not a suspect classification requiring strict scrutiny of the state's scheme of age restrictions. See Johnson v. Lefkowitz, 566 F.2d 866, 868-69 (C.A.N.Y. 1977) (noting that "the state need only articulate a rational basis for its statutory scheme" because age is not a suspect classification). Kimel v. Florida Bd. of Regents, 528 U.S. 62, 63 Syl. d(1), 120 S.Ct. 631 (2000) (finding that age is not a suspect class). See, e.g., Gregory v. Ashcroft, 501 U.S. 452, 470, 111 S.Ct. 2395, 115 L.Ed.2d 410 (2000) (same). The same is true of marital status. Jones v. Wildgen, 320 F. Supp.2d 1116, 1132 (D. Kan. 2004).

Based on the available precedent, plaintiffs do not have a basis for proceeding with a suspect

6

class claim.  The courts have not recognized age and marital status as suspect classes, so any legislation must only meet a rational relationship test.  The disparate treatment of minors from others and married minors from nonmarried minors is rationally related to a state interest in protecting underaged persons from suspected abused.  Under these circumstances, the court grants defendants' motion for summary judgment on suspect classification based on age and marital status.

Plaintiffs' response also included another novel form of suspect classification – that being minors who are sexually abused versus other types of abuse classification.  Plaintiffs cite no authority to support such a distinction under suspect classification in equal protection analysis. Consequently, the classification need only be rationally related to a legitimate state interest. Much as in the case of marital status and age, disparate treatment because of the type of abuse is rationally related to a legitimate state interest in protecting minors.  Thus, the court rejects plaintiffs' classification.

Since the court has denied defendants' motion to strike, plaintiffs may proceed with their remaining equal protection claims under a fundamental rights analysis.  The parties discussed the issue of fundamental right to marry and fundamental right to informational privacy in the response and reply, but they did not have the benefit of the court's ruling on the motion to strike in making these filings.  Under these circumstances, the court does not wish to issue a ruling on the fundamental rights claims.  As a result, the court grants defendants' motion for summary judgment as to suspect classification but denies summary judgment on all claims of "impermissible classification," in particular the issue of fundamental rights.

IT IS ACCORDINGLY ORDERED this 14th day of December 2005, that the court denies defendants' Motion to Strike Plaintiffs' Pretrial Order Characterization of their Fourth Claim for Relief

(Dkt. No. 351).

IT IS FURTHER ORDERED that the court grants in part and denies in part defendants' Motion for Summary Judgment on Plaintiffs' Fourth Claim for Relief (Dkt. No. 346).

                                              s/ J. Thomas Marten
                                              J. THOMAS MARTEN, JUDGE