IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AID FOR WOMEN, et al.,

    Plaintiffs,

vs.

Case No. 03-1353-JTM

NOLA FOULSTON, et al.,

    Defendants.

**MEMORANDUM AND ORDER**

This matter comes before the court on the defendants' Motion for Summary Judgment on Plaintiffs' Second Claim (Vagueness) (Dkt. No. 343). After reviewing the parties' arguments, the court denies defendants' motion.

**I. STANDARD OF REVIEW**

Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact, and that the moving party is entitled to judgments as a matter of law. Fed.R.Civ.P. 56(c). In considering a motion for summary judgment, the court must examine all of the evidence in a light most favorable to the opposing party. Jurasek v. Utah State Hosp., 158 F.3d 506, 510 (10th Cir. 1998). The party moving for summary judgment must demonstrate its entitlement to summary judgment beyond a reasonable doubt. Baker v. Board of Regents, 991 F.2d 628, 630 (10th Cir. 1993). The moving party need not disprove the nonmoving party's claim or defense; it need only establish that the factual allegations have no

legal significance.  Dayton Hudson Corp. v. Macerich Real Estate Co., 812 F.2d 1319, 1323 (10th Cir. 1987).

The party opposing summary judgment must do more than simply show there is some metaphysical doubt as to the material facts.  "In the language of the Rule, the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'"  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)) (emphasis in Matsushita).  The opposing party may not rely upon mere allegations or denials contained in its pleadings or briefs. Rather, the opposing party must present significant admissible probative evidence supporting that party's allegations.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

**II. FINDINGS OF FACT**

Former Attorney General Bob Stephan issued an opinion on April 6, 1992 ( hereafter "Stephan Opinion") construing the Kansas child abuse reporting statute.  Defendant Phill Kline, the current Attorney General of Kansas, issued a revised opinion on June 18, 2003 (hereafter "Kline Opinion") construing the Kansas child abuse reporting statute, K.S.A. § 38-1522 (hereafter "reporting statute").

The Kansas Social and Rehabilitation Services (hereafter "SRS") issued Children and Family Policy, Policy and Procedure Manual that includes §§ 1360 and 1361. This SRS Policy and Procedure Manual is used by SRS employees to "screen out" reports of consensual sexual activity of minors under 16 years.

**Plaintiff Teri Augustus**

Teri Augustus knows that as a licensed masters social worker, she is required to report sexual abuse of children.  Teri Augustus defines "sexual abuse" as any act done in a sexual nature

that was harmful to an individual.

Teri Augustus also defines "sexual abuse" with respect to adolescents as: sexual activity involving an adolescent 1) to which the adolescent does not freely consent; or 2) where the sexual partner is a person in a position of power or authority over the adolescent, such as where the partner is the adolescent's teacher, clergy person, parent, or any adult in a supervisory position over the adolescent, or 3) where there is an age disparity between the adolescent and the sexual partner that leads the professional dealing with the adolescent to suspect that the relationship involves a power differential. Additionally, she defines "sexual activity" as physical contact intended to sexually arouse one or more of the persons engaged in the activity. Augustus' response to Defendants' Interrogatory No. 4.

As of two years prior, Teri Augustus would have reported sexual abuse of an adolescent when the other person involved was a much older adult. Teri Augustus does not remember if she read the Kline Opinion and does not know its meaning. Teri Augustus thinks that Nola Foulston adopted the Kline interpretation of the mandatory reporting statute, but does not know where she got that knowledge.

**Plaintiff Margo Breckbill**

Margo Breckbill knows that as a registered nurse, she is required to comply with the mandatory reporting statute and report when she has knowledge of a child under the age of 16 who is having sexual activity, which she thought would be actual intercourse.

Margo Breckbill defines "sexual abuse" of an adolescent as inappropriate touching or anything that violates a child's body boundaries, such as touching of genitals; possibly penetration, but maybe not; fondling; often depending on how the person views it as to whether

3

or not it's abusive and what it does to them over time.  Margo Breckbill also defines "sexual abuse" with respect to adolescents the same as outlined in Teri Augustus' response.  Breckbill's response to Defendants' Interrogatory No. 4.

Margo Breckbill is aware of the Kline Opinion on mandatory reporting, which she understands to mean that children under sixteen shouldn't be having sex and that if a child becomes pregnant, she obviously had sex and that should be reported; and that if a child needs an abortion, she obviously has been sexually active and therefore should be reported.  Margo Breckbill believes Nola Foulston adopted the Kline interpretation because she read that in the <u>Wichita Eagle</u> newspaper.

**Plaintiff Tracy Cowles**

Tracy Cowles, M.D., knows that as a person licensed to practice medicine, she is a mandatory reporter under the mandatory reporting statute.  Tracy Cowles defines "sexual abuse" with respect to adolescents the same as outlined in Teri Augustus' response.

Tracy Cowles is aware of the Kline Opinion through news accounts and discussions with other physicians, but has not read it.  Tracy Cowles understands the Kline Opinion to mean that the Attorney General wants all girls under the age of sixteen that are sexually active to be reported so a determination can be made as to whether abuse took place.  Plaintiff Cowles believes this approach is ill-advised.

**Plaintiff Willow Eby**

Willow Eby, a registered nurse, is familiar with the mandatory reporting statute.

Willow Eby defines "sexual abuse" as sexual activity to which the adolescent does not freely consent or where a sexual partner is in a position of power or authority over the adolescent,

4

such as the adolescent's teacher, clergy person, a parent, or adult in a supervisory position over the adolescent, or where there is an age disparity between the adolescent and the sexual partner that leads the professional dealing with that to suspect that the relationship involves a power differential. Willow Eby also defines sexual abuse with respect to adolescents the same as outlined in Teri Augustus' response.

Willow Eby does not remember whether she read the Kline Opinion but understands it to mean requiring reporting as abuse any girl that is approaching for an abortion. Willow Eby believes Nola Foulston adopted the Kline interpretation based on the fact that Mrs. Foulston is a defendant in this lawsuit.

**Plaintiff Vicki Epp**

Vicki Epp, as a licensed bachelors social worker, is familiar with the mandatory reporting statute and is subject to its reporting requirements.

Vicki Epp defines "sexual abuse" as sexual activity when there is no consent or in situations when there is a power differential between the two individuals due to an authority figure or an age difference, not simply intercourse but any type of penetration to the individual. Vicki Epp also defines "sexual abuse" with respect to adolescents the same as outlined in Teri Augustus' response. Vicki Epp has not seen and does not recall whether she read the Kline Opinion but understands that there is an opinion that professionals such as herself might at some point be required to report any and all sexual activity of those under 16. Epp does not know whether Nola Foulston adopted the Kline interpretation of the mandatory reporting statute.

**Plaintiff Margaret Estrin**

Margaret Estrin, M.D., knows that as a person licensed to practice medicine, she is a

5

mandatory reporter under the mandatory reporting statute.

Margaret Estrin agrees that pursuant to the mandatory reporting statute suspected abuse should be reported, but disagrees with the definition that age defines abuse.

Margaret Estrin also disagrees with criminalization of consensual sexual conduct or activity between an adolescent 16 and under and a person of a like age. Margaret Estrin defines "sexual abuse" as nonconsensual with an element of force or coercion; she does not know if that term is defined in Kansas statutes. Margaret Estrin also defines "sexual abuse" with respect to adolescents the same as outlined in Teri Augustus' response. Margaret Estrin, having read the Kline Opinion at some time, understands it as a determination by the Attorney General that health practitioners and others should report any known sexual activity among teenagers 16 and under as sexual abuse or as a child in need of production [*sic.*] for investigation by SRS.

Margaret Estrin, based on her understanding of the Kline Opinion, disagrees with the idea of mandatory reporting being based on age alone and not based on any other evidence.

Margaret Estrin does not know whether the Johnson County District Attorney agrees with the Kline Opinion.

**Plaintiff Herbert Hodes, M.D.**

Herbert Hodes, M.D., knows that as a doctor licensed to practice medicine, he is subject to the reporting requirements of the mandatory reporting statute.

Herbert Hodes defines "sexual abuse" as nonconsensual and consensual sexual activity involving a minor female under the age of 16, although he does not know how sexual abuse is defined in the mandatory reporting statute. Herbert Hodes also defines "sexual abuse" with respect to adolescents with the same definition as outlined in Teri Augustus' response. Herbert

6

Hodes read the Kline Opinion and understands it to mean that Mr. Kline feels that sexual activity involving a minor female under the age of sixteen is by definition sexual abuse and therefore it should be mandatorily reported to SRS.

**Plaintiff Stacy Morgan**

Stacy Morgan knows that as a doctor of osteopathy licensed to practice medicine, she is subject to the reporting requirements of the mandatory reporting statute. Stacy Morgan does not believe that the mandatory reporting statute is beneficial for the protection, health and well-being of minors. Stacy Morgan's understanding of the requirements of the mandatory reporting statute is to report sexual activity of someone age 16 or under. Stacy Morgan defines "sexual abuse" with respect to adolescents the same as outlined in Teri Augustus' response.

Stacy Morgan, in reaching this definition of sexual abuse, did not look at statutes or any legal definition of that term. Stacy Morgan has not read, but is familiar with the Kline Opinion, in which she believes the Attorney General interpreted Kansas law to require her to report sexual encounters of people under the age of 16.

Stacy Morgan, based on her understanding of the Kline Opinion, disagrees with that opinion. Stacy Morgan does not know whether Sedgwick County District Attorney Nola Foulston, or any other county or district attorney, adopted the Kline interpretation of the mandatory reporting statute.

**Plaintiff Beth McGilley**

Beth McGilley knows that as a licensed clinical psychologist, she is subject to the reporting requirements of the mandatory reporting statute.

Beth McGilley understands that pursuant to the mandatory reporting statute, she is

required to report the suspicion of physical, sexual, or emotional abuse or neglect of a child under the age of 18.

Beth McGilley defines "sexual abuse" with respect to adolescents the same as outlined in Teri Augustus' response.

Beth McGilley understands the gist of the Kline Opinion is a re-interpretation of the child abuse reporting law in which Kline has determined that what is to be reported includes any and all sexual activity by individuals under the age of 16, in contrast to the Stephan approach, which was that mandated reporters were to report what they believed, suspected or had knowledge of that was physical, or sexual, or emotional abuse or neglect.

Beth McGilley assumes that Nola Foulston adopted the Kline interpretation of the mandatory reporting statute, but does not know exactly what she bases that assumption on.

**Plaintiff Traci Nauser, M.D.**

Traci Nauser knows that as a licensed physician, she is subject to the reporting requirements of the mandatory reporting statute and has general knowledge of it although she has never read that statute.

Traci Nauser is in favor of the mandatory child abuse reporting statute only for "true child abuse" by which she means nonconsensual sexual activity.

Traci Nauser defines "sexual abuse" as nonconsensual sexual activity or technically harmful to someone under the age of 16. Traci Nauser also defines "sexual abuse" with respect to adolescents with the same definition as outlined in Teri Augustus' response. Traci Nauser has not read the Kline Opinion, but has some understanding of the opinion from newspaper articles she read and from what Dr. Hodes told her. Traci Nauser understands the Kline Opinion to

require anyone who has any knowledge of anyone under the age of 16 having sexual relations to be reported to SRS for investigation of abuse.

**Plaintiff Colleen O'Donnell**

Colleen O'Donnell knows that as a licensed nurse practitioner, advanced practice registered nurse, she is subject to the reporting requirements of the mandatory reporting statute and has reviewed parts of it. Colleen O'Donnell understands that she is to report if she suspects she is dealing with an abused individual. Colleen O'Donnell defines "abuse," including "sexual abuse," as basically nonconsenting sexual activities, those being forced by another individual, that result in harm or injury. Colleen O'Donnell also defines "sexual abuse" with respect to adolescents with the same definition as outlined in Teri Augustus' response. Colleen O'Donnell has seen and thinks she has read the Kline Opinion. Colleen O'Donnell understands the Kline Opinion, "should it become law," to require health care and mental health care providers to report sexual partners of minors under 16 to be investigated for statutory rape and other sexual violations, regardless of consent.

**Plaintiff Trina Wheeler**

Trina Wheeler knows that as a licensed masters social worker, she is subject to the reporting requirements of the mandatory reporting statute and is familiar with it. Trina Wheeler defines "sexual abuse" as any sexual activity that caused someone physical, emotional or psychological harm. Trina Wheeler also defines "sexual abuse" with respect to adolescents with the same definition as outlined in Teri Augustus' response.

Trina Wheeler's understanding of the Kline Opinion, with which she disagrees, is that sexual activity of people under the age of 16 is always abusive. Trina Wheeler understands from

the media and professional chit-chat that Nola Foulston has adopted the Kline interpretation of the mandatory reporting statute.

**Plaintiff Sherman Charles Zaremski, M.D.**

Sherman Charles Zaremski, M.D., knows that as a medical doctor, he is subject to the reporting requirements of the mandatory reporting statute and has a general understanding of it.

Sherman Charles Zaremski defines "sexual abuse" as sexual activity that was either nonconsensual, done to harm or done by someone either much older or in a position of authority such that they would in a sense overwhelm a young person's standards. Sherman Charles Zaremski also defines "sexual abuse" with respect to adolescents with the same definition as outlined in Teri Augustus' response. Sherman Charles Zaremski 's understanding of the Kline Opinion, which he has not read and is based on newspaper articles and other media sources, is that Mr. Kline believes that every sexual activity of a person under 16 is illegal.

**District and County Attorneys**

Jerome Gorman is the District Attorney of the 29th Judicial District of Kansas [Wyandotte County]. Robert Hecht is the District Attorney of the 3rd Judicial District of Kansas [Shawnee County]. David Miller is the County Attorney of Miami County, Kansas. Paul Morrison is the District Attorney of Johnson County, Kansas. Nola Foulston is the District Attorney of the 18th Judicial District of Kansas [Sedgwick County]. Each of these five district and county attorneys expressed his or her approach to the discretionary decision-making process by which he or she would determine whether to prosecute a case involving consensual sexual activity involving a minor under the age of 16.

Only two of these five district and county attorneys expressed his or her approach to the

discretionary decision-making process by which he or she would determine whether to prosecute a mandatory reporter who did not report a case involving consensual sexual activity of a minor under the age of 16. Each of the district and county attorneys asserted that the discretionary prosecutorial determination would depend on the particular facts, circumstances, evidence and law as each understood it.

The district and county attorneys expressed varying degrees of concurrence and non-concurrence with the analysis and conclusions reached in the Kline Opinion and the prior Stephan Opinion about the meaning of the term "sexual abuse" for purposes of the mandatory reporting statute.

Those district and county attorneys who expressed their thoughts were quite clear that the Attorney General has absolutely no authority over district and county attorneys regarding interpretations of law or what cases are appropriate for prosecution. None of the five district and county attorneys expressed even the slightest concern that divergent Attorney General opinions or differing approaches by other district or county attorneys created any confusion regarding the meaning of the term "sexual abuse" for purposes of the mandatory reporting statute.

When asked if the SRS policy of screening out cases of consensual sexual activity involving a minor and an age mate was consistent with the goal of preventing child abuse generally, District Attorney Jerome Gorman responded that it would not be consistent with that goal. Gorman Depo., at 45:18-25; 46:1 (Exhibit 28).

## III. ANALYSIS

Defendants argue that there is no real confusion over the term "sexual abuse" as used in the mandatory reporting statute when applied to consensual sexual activity between a minor

11

under the sixteen years of age and a person of similar age in which injury to the minor is not reasonably suspected. Thus, defendants contend that there is no constitutional issue of vagueness. Plaintiffs argue that defendants' statement of undisputed facts are immaterial because they ask plaintiffs' own understanding of the term "sexual abuse," the meaning as used in the complaint and as used in the Kline Opinion. Plaintiffs assert that this statute is vague as applied to "incidents of sexual activity between adolescents under the age of sixteen and persons of similar age in which injury is not reasonably suspected," because it does not give fair notice of whether a report must be made even if the reporter does not believe that the minor has been "injured as a result of" the sexual activity. Specifically, is a report required 1) when an adolescent has engaged in consensual, but illegal, sexual activity with an age-mate and therefore has experienced "sexual abuse," and 2) when the reporter does not suspect that the "sexual abuse" has resulted in injury. These questions turn on the meaning of the terms "sexual abuse" and "injury."

A court may find a statute void for vagueness if the statute either fails to give fair notice to persons of common intelligence as to what conduct it requires or proscribes, Lanzetta v. United States, 306 U.S. 451, 59 S.Ct. 618, 83 L.Ed. 888 (1939), or encourages arbitrary and erratic enforcement. Thornhill v. Alabama, 310 U.S. 88, 60 S.Ct. 736, 84 L.Ed. 1093 (1940). Inexplicably contradictory commands in statutes providing for criminal penalties will not be given legal effect. Raley v. Ohio, 360 U.S. 423, 438, 79 S.Ct. 1257, 1266, 3 L.Ed.2d 1344 (1959); United States v. Cardiff, 344 U.S. 174, 176, 73 S.Ct. 189, 190, 97 L.Ed. 200 (1952).

"The Supreme Court has recognized that 'a scienter requirement may mitigate a law's vagueness, especially with respect to the adequacy of notice to the complainant that his conduct

is proscribed.' " Ward v. Utah, 398 F.3d 1239, 1252 (10th Cir. 2005) citing Murphy v. Matheson, 742 F.2d 564, 573 (10th Cir. 1984).  In Screws v. United States, 325 U.S. 91, 101-02, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945) (plurality), the Court held: "the requirement of a specific intent to do a prohibited act may avoid those consequences to the accused which may otherwise render a vague or indefinite statute invalid." See also State v. Murphy, 674 P.2d 1220, 1223 (Utah 1983) ("this scienter requirement also mitigates any vagueness in the law with respect to the inadequacy of notice to the dealer that his conduct is proscribed.") (notes omitted). Thus, when a statute might otherwise be vague, a scienter requirement mitigates the vagueness and makes the statute constitutional.

After reviewing the parties' arguments, it is apparent that the parties do not agree on what the basis is for the vagueness claim.  Defendants' motion for summary judgment focuses on what constitutes "sexual abuse" whereas plaintiffs assert that their constitutional claim focuses on what constitutes "injury."  While the "common understanding" of terms such as "sexual abuse" is relevant to the constitutional question, defendants' motion does not appear to address the issue plaintiffs believe is central.  Although an understanding of both terms –  sexual abuse and injury –  is necessary to analyze the constitutional question of vagueness as applied to the reporting statute, the parties' divergent ways of framing the issue makes the court's task more difficult. Under these circumstances, defendants' motion does not permit the court to grant summary judgment.

IT IS ACCORDINGLY ORDERED this 25th day of January 2005, that the court denies defendants' Motion for Summary Judgment on Plaintiffs' Second Claim (Vagueness) (Dkt. No. 343).

                                                s/ J. Thomas Marten
                                                J. THOMAS MARTEN, JUDGE